

**NUMBER 13-18-00401-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**IN RE PETER BUFFA, M.D., NICHOLAS GREEN, R.N.,
AND VHS HARLINGEN HOSPITAL COMPANY, LLC
D/B/A VALLEY BAPTIST MEDICAL CENTER–HARLINGEN**

---

**On Petition for Writ of Mandamus.**

---

**MEMORANDUM OPINION**

**Before Justices Contreras, Longoria, and Hinojosa
Memorandum Opinion by Justice Hinojosa[1]**

Relators Peter Buffa, M.D., Nicholas Green, R.N., and VHS Harlingen Hospital Company, LLC d/b/a Valley Baptist Medical Center–Harlingen filed a petition for writ of mandamus in the above cause seeking to compel the trial court to order the production of a two-page document that was withheld from discovery on grounds that it was shielded from discovery under the allied-litigant privilege. This Court requested and received a

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

response to the petition from the real parties in interest, Frank Molina, individually and on behalf of the estate of Blanca Estella Molina, deceased, Stephanie Molina, and Carlos Molina. *See* TEX. R. APP. P. 52.2, 52.4, 52.8. We have also received a reply to the response from relators.

To obtain relief by writ of mandamus, a relator must establish that an underlying order is void or a clear abuse of discretion and that no adequate appellate remedy exists. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide*, 494 S.W.3d at 712; *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). A trial court abuses its discretion when it fails to analyze or apply the law correctly or apply the law correctly to the facts. *In re Nationwide*, 494 S.W.3d at 712; *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam).

We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. In deciding whether the benefits of mandamus outweigh the detriments, we weigh the public and private interests involved, and we look to the facts in each case to determine the adequacy of an appeal. *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 313 (Tex. 2010) (orig. proceeding); *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 469 (Tex. 2008) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136–37. Mandamus "may

2

be essential to preserve important substantive and procedural rights from impairment or loss, [and] allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments." *In re Prudential Ins. Co. of Am*. 148 S.W.3d at 136.

In 2007, the Texas Supreme Court stated that appellate courts "generally do not review orders refusing to compel discovery." *In re Allied Chem. Corp*., 227 S.W.3d 652, 658 (Tex. 2007) (orig. proceeding). However, in cases in which discovery is improperly denied, a party will not have an adequate remedy by appeal: (1) when the appellate court would not be able to cure the trial court's discovery error, such as when privileged information or trade secrets would be revealed or production of patently irrelevant or duplicative documents imposing a disproportionate burden on the producing party is ordered; (2) where the party's ability to present a viable claim or defense at trial is vitiated or severely compromised by the trial court's discovery error; and (3) where the trial court disallows discovery and the missing discovery cannot be made a part of the appellate record or the trial court, after proper request, refuses to make it part of the record. *See In re Allied Chem. Corp.*, 227 S.W.3d at 658; *In re Van Waters & Rogers, Inc*., 145 S.W.3d 203, 210–11 (Tex. 2004) (orig. proceeding); *In re Ford Motor Co*., 988 S.W.2d 714, 721 (Tex.1998) (orig. proceeding); *In re Colonial Pipeline Co*., 968 S.W.2d 938, 941 (Tex.1998) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 843–44. A denial of discovery goes to the heart of a party's case when the party is prevented from developing essential elements of its claim or defense. *Able Supply Co. v. Moye*, 898 S.W.2d 766, 772 (Tex. 1995) (orig. proceeding).

We apply the foregoing principles to determine whether mandamus relief is warranted for the trial court's denial of discovery. *See*, *e.g.*, *In re Ten Hagen Excavating, Inc.*, 435 S.W.3d 859, 863–64 (Tex. App.—Dallas 2014, orig. proceeding); *In re Galveston Cent. Appraisal Dist.*, 252 S.W.3d 904, 906 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding).

We note that the trial court reviewed the sealed documents at issue, as have we. Even assuming without deciding that the trial court erred in determining that the sealed documents are shielded from discovery under the allied-litigant privilege and granting the motion for protection filed by the real parties in interest, issues we need not reach here, we cannot say that these rulings vitiate or severely compromise relators' ability to present a viable defense at trial or that relators are prevented from developing essential elements of their defenses. *See In re Allied Chem. Corp.*, 227 S.W.3d at 658; *In re Van Waters & Rogers, Inc.*, 145 S.W.3d at 210–11. Accordingly, we deny the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a), 52.10(b).

LETICIA HINOJOSA
Justice

Delivered and filed the
27th day of November, 2018.

4