

**NUMBER 13-18-00686-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**IN RE ISAAC MONTES**

**On Petition for Writ of Mandamus.**

# MEMORANDUM OPINION

**Before Justices Rodriguez, Longoria, and Hinojosa
Memorandum Opinion by Justice Longoria[1]**

Relator Isaac Montes, proceeding pro se, filed a petition for writ of mandamus in the above cause seeking to set aside an order granting a motion to dismiss filed pursuant to Rule 91a of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 91a. Relator contends, inter alia, that the trial court abused its discretion in granting the motion to

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so."); *id. R.* 47.4 (distinguishing opinions and memorandum opinions).

dismiss because the motion to dismiss addressed only relator's first amended petition, which had been superseded by second and third amended petitions.

To obtain relief by writ of mandamus, a relator must establish that an underlying order is void or a clear abuse of discretion and that no adequate appellate remedy exists. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). A trial court abuses its discretion when it fails to analyze or apply the law correctly or apply the law correctly to the facts. *In re Nationwide*, 494 S.W.3d at 712; *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam).

We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. In deciding whether the benefits of mandamus outweigh the detriments, we weigh the public and private interests involved, and we look to the facts in each case to determine the adequacy of an appeal. *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 313 (Tex. 2010) (orig. proceeding); *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 469 (Tex. 2008) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136–37. Mandamus will not issue when the law provides another "plain, adequate, and complete remedy." *In re Tex. Dep't of Family & Protective Servs.*, 210 S.W.3d 609, 613 (Tex. 2006) (orig. proceeding) (quoting *In re Prudential*, 148 S.W.3d at 135–36).

The Court, having examined and fully considered the petition for writ of mandamus, the record, and the applicable law, is of the opinion that the relator has not met his burden

2

to obtain mandamus relief. Accordingly, we deny the petition for writ of mandamus without prejudice to the substantive issues raised therein. *See* TEX. R. APP. P. 52.8(a), 52.10(b).

NORA L. LONGORIA
Justice

Delivered and filed the
28th day of December, 2018.