

NUMBER 13-19-00174-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

IN RE FRANK BECK

On Petition for Writ of Mandamus.

MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Perkes
Memorandum Opinion by Justice Perkes[1]**

Through this original proceeding, relator Frank Beck contends that the trial court

abused its discretion by granting a motion for sanctions filed by the real party in interest,

Sandra Beck Mills, executor of the estate of Douglas H. Beck. The order states that the

trial court found that relator "had a duty to preserve the evidence of the blood samples,

that he breached that duty, and that the [real party] is harmed and prejudiced thereby."

The trial court concluded that "the appropriate sanction is to prohibit [relator] from using

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *see also id.* R. 47.4 (distinguishing opinions and memorandum opinions).

the autopsy results, report and deposition of Dr. Adel Shaker to the extent they rely on the blood samples." Relator contends that this order constitutes a death penalty sanction.

To obtain relief by writ of mandamus, a relator must establish that an underlying order is void or a clear abuse of discretion and that no adequate appellate remedy exists. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide*, 494 S.W.3d at 712; *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136.

Orders imposing discovery sanctions are generally reviewed on appeal from the final judgment. *See* TEX. R. CIV. P. 215.3. However, under certain circumstances, sanction orders are subject to review before final judgment by writ of mandamus. *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam). Mandamus is available when a court imposes death penalty sanctions that have the effect of adjudicating all or a substantial part of the dispute, but which do not result in the rendition of an appealable judgment. *Id.*; *see TransAmerican Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 919 (Tex. 1991) (orig. proceeding). Similarly, mandamus is available to review sanctions that "thwart effective appellate review by precluding a decision on the merits." *In re Garza*, 544 S.W.3d at 840; *see Braden v. Downey*, 811 S.W.2d 922, 928–29 (Tex.

2

1991) (orig. proceeding).  Appeal is not an adequate remedy where the practically certain effect of the sanctions will be reversal with the attendant waste of resources and time.  *In re Garza*, 544 S.W.3d at 841; *see In re Prudential Ins. Co.*, 148 S.W.3d at 136.

To conclude that a party spoliated evidence, the court must find that (1) the spoliating party had a duty to reasonably preserve evidence, and (2) the party intentionally or negligently breached that duty by failing to do so.  *Petroleum Sols., Inc. v. Head*, 454 S.W.3d 482, 488 (Tex. 2014); *Brookshire Bros., Ltd. v. Aldridge*, 438 S.W.3d 9, 20 (Tex. 2014).  Once a trial court has found spoliation, "the trial court has broad discretion to impose a remedy that, as with any discovery sanction, must be proportionate; that is, it must relate directly to the conduct giving rise to the sanction and may not be excessive."  *Brookshire Bros., Ltd.*, 438 S.W.3d at 20.  "Key considerations in imposing a remedy are the level of culpability of the spoliating party and the degree of prejudice, if any, suffered by the nonspoliating party."  *Id.*  Whether a party spoliated evidence and whether a particular remedy is appropriate are questions of law for the trial court.  *Petroleum Sols., Inc.*, 454 S.W.3d at 488; *Brookshire Bros. Ltd.*, 438 S.W.3d at 20.

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by the real party in interest, the record presented, and the applicable law, is of the opinion that relator has not met his burden to obtain mandamus relief.  Accordingly, we deny the petition for writ of mandamus.  *See* TEX. R. APP. P. 52.8(a), 52.10(b).

GREGORY T. PERKES
Justice

Delivered and filed the
25th day of April, 2019.