

NUMBER 13-19-00242-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

IN RE TRANSCONTINENTAL GAS PIPE LINE COMPANY, LLC

On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Hinojosa**
**Memorandum Opinion by Justice Benavides[1]**

Relator Transcontinental Gas Pipe Line Company, LLC (Transco) filed a petition for writ of mandamus seeking to compel the trial court to set aside an April 15, 2019 order of abatement issued in favor of the real party in interest, The Barnhart Family Partnership, Ltd. (Barnhart). In the underlying case, Barnhart sued Transco after expiration of a pipeline easement seeking damages for trespass, breach of contract, and unjust enrichment, and seeking an equitable suit for accounting and permanent injunctive relief requiring Transco to remove the pipeline and restore the surface of Barnhart's property.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

Transco counterclaimed for condemnation and declaratory relief. In this proceeding, Transco argues that the trial court abused its discretion by (1) abating Transco's condemnation counterclaim filed under Texas Property Code sections 21.003 and 21.017; *see* TEX. PROP. CODE ANN. §§ 21.003, 21.017, and (2) abating its condemnation case indefinitely. This Court requested and received a response to the petition from Barnhart, including a May 30, 2019 supplemental order clarifying the terms and duration of the abatement.

To obtain mandamus relief, a relator must establish that the trial court clearly abused its discretion and that the relator has no adequate remedy by appeal. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide*, 494 S.W.3d at 712; *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. In deciding whether the benefits of mandamus outweigh the detriments, we weigh the public and private interests involved, and we look to the facts in each case to determine the adequacy of an appeal. *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 313 (Tex. 2010) (orig. proceeding); *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 469 (Tex. 2008) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136–37. In this regard, an

abatement order may be reviewed on mandamus when the abatement is indefinite in duration or it effectively vitiates a party's ability to present a claim or defense. *In re Shulman*, 544 S.W.3d 861, 867 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding) (collecting cases); *see also In re Benge*, No. 13-18-00283-CV, 2018 WL 3233867, at \*2 (Tex. App.—Corpus Christi–Edinburg July 3, 2018, orig. proceeding) (mem. op.).

The Court, having examined and fully considered the petition for writ of mandamus, the response, and the applicable law, is of the opinion that Transco has failed to meet its burden to obtain mandamus relief. Accordingly, we deny the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8.

GINA M. BENAVIDES,<br>
Justice

Delivered and filed the
21st day of June, 2019.