

# NUMBER 13-19-00448-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

### IN RE MARGARITO TRUJILLO

### On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

### Before Justices Benavides, Tijerina, and Rodriguez[1]
### Memorandum Opinion by Justice Benavides[2]

Relator Margarito Trujillo filed a petition for writ of mandamus and a motion for expedited consideration and immediate temporary relief in the above cause on September 16, 2019. In this original proceeding, relator seeks to compel the trial court to vacate an order of contempt signed on August 20, 2019 and subsequent orders regarding

---

[1] Retired Thirteenth Court of Appeals Justice Nelda V. Rodriguez, assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to the government code. *See* TEX. GOV'T CODE ANN. § 74.003.

[2] *See* TEX. R. APP. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so."); *id. R.* 47.4 (distinguishing opinions and memorandum opinions).

the same and similar matters which were signed on September 11, 2019 and September 12, 2019. Relator contends generally that the trial court should "stay its proceedings in this matter in favor of a trial on remand."

To obtain relief by writ of mandamus, a relator must establish that an underlying order is void or a clear abuse of discretion and that no adequate appellate remedy exists. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide*, 494 S.W.3d at 712; *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). A trial court abuses its discretion when it fails to analyze or apply the law correctly or apply the law correctly to the facts. *In re Nationwide*, 494 S.W.3d at 712; *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. In deciding whether the benefits of mandamus outweigh the detriments, we weigh the public and private interests involved, and we look to the facts in each case to determine the adequacy of an appeal. *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 313 (Tex. 2010) (orig. proceeding); *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 469 (Tex. 2008) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136–37.

The Court, having examined and fully considered the petition for writ of mandamus, the record, and the applicable law, is of the opinion that relator has not met his burden to obtain mandamus relief. Accordingly, we deny the motion for expedited consideration and for immediate temporary relief, and we deny the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a), 52.10(b).

GINA M. BENAVIDES,
Justice

Delivered and filed the
17th day of September, 2019.