

# NUMBER 13-21-00025-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**IN RE JERRY GONZALEZ JR., INDIVIDUALLY
AND IN HIS COMMON OR ASSUMED NAME AND D/B/A
GUN BARREL ENERGY, GUN BARREL ENERGY, INDIVIDUALLY
AND IN ITS COMMON OR ASSUMED NAME, AND
GILBERT GONZALEZ**

## On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Hinojosa and Silva
Memorandum Opinion by Justice Silva[1]**

Through this original proceeding, relators Jerry Gonzalez Jr., individually and in

his common or assumed name and d/b/a Gun Barrel Energy, Gun Barrel Energy,

individually and in its common or assumed name, and Gilbert Gonzalez seek to compel

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so," but "[w]hen granting relief, the court must hand down an opinion as in any other case"); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

non-party medical providers to respond to relators' notices of depositions on written questions and subpoenas in a personal injury lawsuit. By two issues, relators assert: (1) the trial court clearly abused its discretion by quashing relators' notices of depositions on written questions and subpoenas regarding the fees that the medical providers for the real party in interest, Juan Guardiola, have charged and accepted from other patients for the same medical services that were provided or recommended to Guardiola; and (2) relators lack an adequate appellate remedy for an order that denies them discovery "which goes to the heart of their defense on the critical issue of the reasonableness of [Guardiola's] medical expenses and will prevent the discovery from being made part of the record in an appeal after final judgment." The notices of deposition on written questions and subpoenas are identical and encompass fifty-nine questions, one of which has twenty-one subparts, and were served on counsel for Guardiola rather than the medical providers. Relators also filed a motion for temporary relief through which they sought to stay the trial of this matter which is currently set to commence on March 15, 2021. *See* TEX. R. APP. P. 52.10(b). Relators also filed a separate motion to stay the underlying proceedings.

This Court carried the relators' motion for temporary relief and motion to stay with the case and requested that Guardiola, or any others whose interest would be directly affected by the relief sought, including but not limited to non-parties CareFor PA, Donald Baxter, M.D., Saquib A. Siddiqui, M.D., and The Spine Center, P.A., file a response to the petition for writ of mandamus and motion for temporary relief *See id.* R. 52.2, 52.4, 52.8. This Court received responses to the petition for writ of mandamus from CareFor, PA and Baxter, and from Siddiqui and The Spine Center, P.A.

2

Mandamus is an extraordinary remedy issued at the discretion of the court. *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam). To obtain relief by writ of mandamus, a relator must establish that an underlying order is void or is a clear abuse of discretion and there is no adequate appellate remedy. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *see In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding).

An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide Ins. Co. of Am*., 494 S.W.3d at 712; *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). A trial court abuses its discretion by ordering discovery that exceeds the scope permitted by the rules of procedure. *In re N. Cypress Med. Ctr. Operating Co., Ltd.*, 559 S.W.3d 128, 130–31 (Tex. 2018) (orig. proceeding); *In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003) (orig. proceeding) (per curiam).

The Court, having examined and fully considered the petition for writ of mandamus, the responses filed by the real parties in interest, and the applicable law, is of the opinion that the relators have not met their burden to obtain mandamus relief. We acknowledge relators' reliance on *In re N. Cypress Med. Ctr. Operating Co.*, 559 S.W.3d 128 (Tex. 2018) (orig. proceeding), however, we believe the Texas Supreme Court's decision in that case is readily distinguishable from the case at hand. *See id.*; *see also In re K&L Auto Crushers, LLC*, 607 S.W.3d 358, 359 (Tex. App.—Dallas 2019, orig. proceeding [mand. pending]) (mem. op.). Accordingly, we deny the motion for temporary relief and

3

motion to stay which were previously carried with the case, and we deny the petition for writ of mandamus. *See* Tᴇx. R. Aᴘᴘ. P. 52.10(b).

CLARISSA SILVA<br>
Justice

Delivered and filed on the
23rd day of February, 2021.

4