

# NUMBER 13-21-00105-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

## IN RE FORD + BERGNER LLP, DON D. FORD III, AND KENNETH A. KROHN

---

## On Petition for Writ of Mandamus.

---

# MEMORANDUM OPINION

## Before Chief Justice Contreras and Justices Longoria and Tijerina Memorandum Opinion by Justice Tijerina[1]

On April 19, 2021, relators Ford + Bergner LLP, Don D. Ford III, and Kenneth A. Krohn filed a petition for writ of mandamus and a motion for emergency relief. Relators assert that (1) the trial court lacks jurisdiction over the underlying matters, (2) relators are entitled to a trial by jury, and (3) the trial court abused its discretion by ordering disputed funds to be placed into the registry of the court. This Court granted relators' request for

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so," but "[w]hen granting relief, the court must hand down an opinion as in any other case"); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

emergency relief, ordered the trial court proceedings stayed, and requested and received a response to the petition for writ of mandamus from the real parties in interest, Lynn Bernsen Allison, Lea Bernsen Brown, and Leon Garrick Bernsen. *See* TEX. R. APP. P. 52.2, 52.4, 52.8, 52.10.

Mandamus is both an extraordinary remedy and a discretionary one. *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam). To obtain relief by writ of mandamus, a relator must establish that an underlying order is void or a clear abuse of discretion and that no adequate appellate remedy exists. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). A trial court abuses its discretion when its ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. In re Nationwide Ins. Co. of Am., 494 S.W.3d at 712. We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against its detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by the real parties in interest, the reply, and the applicable law, is of the opinion that the relators have failed to meet their burden to obtain relief. Accordingly, we lift the stay previously imposed in this case. *See* TEX. R. APP. P. 52.10(b) ("Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided."). We deny the petition for writ of mandamus.

JAIME TIJERINA
Justice

Delivered and filed on the
3rd day of May, 2021.