COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



|  | § |  |
|---|---|---|
| IN RE: JESUS RASCON, | § | No. 08-20-00018-CV |
| Relator. | § | AN ORIGINAL PROCEEDING |
|  | § | IN MANDAMUS |
|  | § |  |
|  | § |  |
|  | § |  |

## MEMORANDUM OPINION

Relator Jesus Rascon filed a petition for writ of mandamus on January 16, 2020, to challenge a March 9, 2018 final judgment in a tax foreclosure suit as void. The Court previously granted Relator's motion for a temporary stay preventing Real Party in Interest Citiso Investments LLC from executing on its writ of possession pending disposition of this original proceeding. We lift the stay and deny the relief requested in the mandamus petition.

Mandamus is an extraordinary remedy. *In re Prudential Ins. Co. of America*, 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding). To be entitled to mandamus relief, a relator generally must meet two requirements. First, the relator must show that the trial court clearly abused its discretion. *Id.* Second, the relator must demonstrate that there is no adequate remedy by appeal. *Id.* at 135-36. However, if a trial court enters a void order, mandamus is an available remedy and

the relator need not demonstrate the lack of an adequate remedy by appeal. *In re Nationwide Insurance Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *In re S.W. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding). The burden is on the relator to show that he is entitled to mandamus relief. *See In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding).

After reviewing the entire mandamus record, the mandamus petition, the responses of both Real Parties in Interest, and Relator's reply, we conclude that Relator has failed to establish that he is entitled to mandamus relief. Accordingly, we deny the relief requested in the mandamus petition. The stay order is lifted.


GINA M. PALAFOX, Justice

June 16, 2021

Before Rodriguez, C.J., Palafox, and Alley, JJ.

2