

# NUMBER 13-21-00231-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE CHRISTOPHER WAYNE HOLT

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Benavides and Silva
### Memorandum Opinion by Justice Benavides[1]

By petition for writ of mandamus, pro se relator Christopher Wayne Holt seeks to compel the trial court to (1) grant relator's "Second Amended Motion for Free Reporters Record" and rule on relator's "Motion to Tax Costs"; (2) implement a "partial stay" of the proceedings so that the trial court will not consider and rule on the opposing party's motions until relator "has been granted the transcripts and a reasonable period of time to

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so," but "[w]hen granting relief, the court must hand down an opinion as in any other case"); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

prepare and file necessary motions relevant to [r]elator's claims and defenses"; (3) reconsider the order denying relator's motion for the appointment of counsel under Texas Rule of Civil Procedure 308a, "specifically considering that [r]elator is indigent as a matter of law, the abuses of discretion suffered, the best interest of the children and the trial court's obligation to enforce its decrees," and because relator "should not be burdened where the trial court absconded its duty injuriously"; and (4) to set for hearing, consider, and rule on relator's "Third Amended Motion for Enforcement and Order to Appear." *See* Tex. R. Civ. P. 308a (allowing the trial court to appoint an attorney to enforce its orders of child support and possession and access to a child). Relator also seeks unspecified emergency and temporary relief.[2]

Mandamus is both an extraordinary remedy and a discretionary one. *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam). To obtain mandamus relief, a relator must establish that the trial court committed a clear abuse of discretion and there is no adequate appellate remedy. *In re Turner*, 591 S.W.3d 121, 124 (Tex. 2019) (orig. proceeding); *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding). An abuse of discretion occurs when a trial court's ruling is

---

[2] This case arises from trial court cause number 09-01754-00-0D in the 105th District Court of Nueces County, Texas. Relator has previously pursued other requests for relief in this Court. *See In re Holt*, No. 13-21-00009-CV, 2021 WL 317640, at *1 (Tex. App.—Corpus Christi–Edinburg Jan. 27, 2021, orig. proceeding) (mem. op.) (denying relator's petition for writ of mandamus seeking to compel the trial court to vacate its order referring the underlying case to mediation, set relator's motion for enforcement for hearing, rule on relator's motion for substitute service, and order the real party in interest to personally appear in the proceedings below); *In re Holt*, No. 13-20-00510-CV, 2020 WL 7063694, at *1 (Tex. App.—Corpus Christi–Edinburg Dec. 2, 2020, orig. proceeding) (mem. op.) (denying relator's petition for writ of mandamus seeking to set aside an oral order holding relator in contempt, but suspending confinement, for violations of a previous order regarding child custody and possession); *In re S.H.*, No. 13-20-00247-CV, 2020 WL 6601602, at *1 (Tex. App.—Corpus Christi–Edinburg Nov. 12, 2020, no pet. h.) (mem. op.) (dismissing as moot relator's appeal of an order denying his request to proceed as indigent because the trial court vacated the order subject to appeal); *In re Marriage of Holt*, No. 13-20-00166-CV, 2020 WL 5582362, at *1 (Tex. App.—Corpus Christi–Edinburg Sept. 17, 2020, no pet.) (mem. op.) (dismissing relator's appeal of an order on special exceptions and a motion to strike for want of jurisdiction).

arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Garza*, 544 S.W.3d at 840; *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d at 712. We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against its detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that the relator has not met his burden to obtain relief. Accordingly, we deny the petition for writ of mandamus, and we likewise deny relator's request for emergency and temporary relief.

GINA M. BENAVIDES
Justice

Delivered and filed on the
29th day of July, 2021.