

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-21-00077-CV

---

IN RE TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,
MICHAEL DUNN, AND SMEAD, ANDERSON & DUNN

---

Original Mandamus Proceeding

---

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

## MEMORANDUM OPINION

This original mandamus proceeding arises out of a discovery dispute about emails between the attorneys for real party in interest, John Goin, and certain attorneys representing Hope Crump that Goin has asserted are protected by the allied-litigant privilege.[1] The trial court reviewed the disputed communications in camera and upheld the privilege related to all the emails. Michael Dunn and Smead, Anderson & Dunn (collectively the Dunn Defendants) and Travelers Property Casualty Company of America (Travelers), Relators, have petitioned this Court for a writ of mandamus requiring the Honorable Laurine J. Blake, judge of the 336th Judicial District Court of Fannin County, to vacate a portion of her order denying Relators' motions to compel and sustaining Goin's assertions of the allied-litigant privilege and requiring Judge Blake to enter an order overruling Goin's assertions of privilege and to grant Relators' motion to compel production of the emails. Because Relators have not shown that they do not have an adequate appellate remedy, we deny the petition for a writ of mandamus.

## I.      Background

In a prior mandamus proceeding, we set forth some of the pertinent background:

In January 2012, Goin, an employee of Mica Corporation (Mica), was driving a pickup truck owned by Mica when it was involved in a rollover accident in which the passenger, Hope Crump, was ejected and rendered a paraplegic. In March 2012, Crump sued Goin and Mica in Anderson County, seeking recovery of damages for personal injuries sustained as a result of the accident. The truck, and all permissive users, were covered by a commercial automobile policy issued to

---

[1]*See* TEX. R. EVID. 503(b)(1)(C); *In re XL Specialty Ins. Co.*, 373 S.W.3d 46, 52 (Tex. 2012) (orig. proceeding) ("Rule 503(b)(1)(C)'s privilege is more appropriately termed an 'allied litigant' privilege").

Mica by Travelers. Consequently, Travelers hired [the Dunn Defendants] to defend Goin in the lawsuit.[2]

In January 2013, Crump nonsuited the Anderson County lawsuit and later refiled her claims in Dallas County.[3] Travelers did not tender a defense on Goin's behalf for approximately eighteen months after the lawsuit was filed, by which time most of the pretrial deadlines had expired.[4] The trial took place in February 2015, at the conclusion of which the trial court entered judgment against Goin in the amount of $10,125,433.96, prejudgment interest in the amount of $220,532.40, and post-judgment interest at the rate of 5% per annum.

*In re Goin*, No. 06-17-00047-CV, 2017 WL 2961478, at *1 (Tex. App.—Texarkana July 12, 2017, orig. proceeding) (mem. op.). According to Relators, in April 2015, Goin filed the present lawsuit against Travelers and asserted various causes of action based on Travelers' alleged mishandling of his defense. Goin later amended his petition to assert claims against the Dunn Defendants. In May 2016, Crump intervened in the lawsuit as a plaintiff and asserted an interest in Goin's claims against Travelers and the Dunn Defendants.

In February 2018, the trial court granted Relators' motion for leave to designate E. Todd Tracy, Rachel Montes, Andrew G. Counts, the Tracy Law Firm, and Montes Law Group (collectively the Tracy Group), as responsible third parties for any damages incurred by Goin. According to Relators' motion, the Tracy Group represented Crump in her lawsuit against Goin. The motion alleged, among other things, that, while Goin was in prison and unrepresented in the lawsuit, one or more of the attorneys in the Tracy Group met with Goin and persuaded him to

---

[2]"This defense was tendered pursuant to a reservation of rights, as there was a question about whether Goin had Mica's permission to operate the pickup truck at the time of the accident."

[3]"In the interim, Goin was sentenced to a term of twelve years' incarceration, allegedly because of his conviction of intoxication assault."

[4]The parties vary greatly in their explanations for Travelers' delay in tendering a defense to the Dallas County lawsuit.

sign a pro se answer they had prepared for him, but neglected to tell him that, if he did nothing, the lawsuit would be dismissed within a few weeks.

As part of his response to Relators' requests for production of documents requesting all correspondence between Goin or his attorneys and the attorneys in the Tracy Group, Goin filed two privilege logs identifying over 100 emails and email chains between his attorneys and the attorneys in the Tracy Group of various dates between May 12, 2015, and January 7, 2021, and asserted that each email or email chain was protected from disclosure by the allied-litigant privilege. Relators moved to compel the production of the documents identified in the privilege logs, and after a hearing, Goin produced the documents for *in-camera* inspection by the trial court. After reviewing the emails and email chains identified in the privilege logs, the trial court denied the Relators' motions to compel and found that the allied-litigant privilege protected all the emails and email chains from production.

## II.     Standard of Review

"To obtain relief by writ of mandamus, a relator must establish that an underlying order is void or a clear abuse of discretion and that no adequate appellate remedy exists." *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding) (citing *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992) (orig. proceeding)). "An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable, made without regard for guiding legal principles or supporting evidence." *Id.* (citing *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012)). "Similarly, a trial court abuses its discretion when it fails to analyze or apply

4

the law correctly." *Id.* (citing *In re Sw. Bell Tel. Co.*, 226 S.W.3d 400, 403 (Tex. 2007) (orig. proceeding)).

Yet, even if the trial court abused its discretion, "[m]andamus will not issue where there is a clear and adequate remedy at law, such as an appeal." *Able Supply Co. v. Moye*, 898 S.W.2d 766, 771 (Tex. 1995) (orig. proceeding) (citing *Walker*, 827 S.W.2d at 840–42). Appellate courts "generally do not review orders refusing to compel discovery." *In re Allied Chem. Corp.*, 227 S.W.3d 652, 658 (Tex. 2007) (orig. proceeding). That said, the Texas Supreme Court has recognized that "at least three situations exist in the discovery context where a remedy by an appeal may be inadequate." *Able Supply*, 898 S.W.2d at 771 (citing *Walker*, 827 S.W.2d at 843). First, there is an inadequate remedy by appeal "when a discovery order imposes a burden on one party far out of proportion to any benefit to the other." *Allied Chem. Corp.*, 227 S.W.3d at 658. This may occur, for example, when the trial court orders the disclosure of information protected by the attorney-client privilege, or "compels the production of patently irrelevant or duplicative documents," *Walker v. Packer*, 827 S.W.2d 833, 843 (Tex. 1992) (orig. proceeding) (citations omitted), or when a trial court refuses to compel over 3,000 plaintiffs in a mass tort lawsuit with 294 defendants "to provide a medical link between a particular plaintiff and a particular product" after eight years of discovery, *Able Supply*, 898 S.W.2d at 771.

There may also be an inadequate remedy by appeal "when a denial of discovery goes to the heart of a party's case" or "when a discovery order severely compromises a party's ability to present any case at all." *Allied Chem. Corp.*, 277 S.W.3d at 658 (citing *Able Supply*, 898 S.W.2d at 772). In *Able Supply*, the court reasoned that the trial court's refusal to compel the plaintiffs to

answer an interrogatory asking them to identify any physician who attributed the individual plaintiff's alleged injury to exposure to a defendant's products prevented the defendants "from developing essential elements of their defense" regarding both injury and lack of causation. *Able Supply*, 898 S.W.2d at 772. The court also noted that many plaintiffs were elderly and that some had died during the suit. *Id.* Consequently, "the defendants [had] been deprived of the opportunity to confront [those] claimants with the answers to [the interrogatory] in hand," thereby effectively foreclosing their ability to defend the claims effectively. *Id.*

Finally, there may be an inadequate remedy by appeal "where the trial court disallows discovery and the missing discovery cannot be made part of the appellate record, or the trial court after proper request refuses to make it a part of the record, and the reviewing court is unable to evaluate the trial court's error on the record before it." *Walker*, 827 S.W.2d at 843–44 (citing *Tom L. Scott, Inc. v. McIlhany*, 798 S.W.2d 556, 558 (Tex. 1990) (orig. proceeding); *Jampole v. Touchy*, 673 S.W.2d 569, 576 (Tex. 1984) (orig. proceeding), *disapproved on other grounds by Walker*, 827 S.W.2d at 842).

### III. Analysis

Relators argue that the trial court abused its discretion in finding that the emails and email strings were protected by the allied-litigant privilege. But we need not decide this question since Relators have failed to establish that they do not have an adequate remedy at law. As we previously noted, the trial court reviewed the disputed emails and email chains in camera. Even so, Relators have not included the disputed emails and email chains in the mandamus record. Since we cannot review those documents, we cannot determine whether the trial court's denial of

6

discovery goes to the heart of Relators' case or severely compromises their ability to present their case. *See Allied Chem. Corp.*, 227 S.W.3d at 658; *see also In re Buffa*, No. 13-18-00401-CV, 2018 WL 6187080, at *2 (Tex. App.—Corpus Christi Nov. 27, 2018, orig. proceeding [mand. denied]) (mem. op.) (mandamus denied after court of appeals reviewed sealed documents and determined that the trial court's ruling did not vitiate relators' ability to present a viable defense); *cf. Goin*, 2017 WL 2961478, at *4–5 (court of appeals conditionally granted mandamus, in part, after reviewing sealed documents). Relators also have not shown that they have exhausted all legal procedures to have the disputed emails and email chains made a part of the sealed trial court record. Thus, Relators have not shown that the requested documents cannot be made a part of the mandamus record or that the trial court, after proper request, refused to make them a part of the record. *See Walker*, 827 S.W.2d at 843–44; *In re Tenet Hosps. Ltd.*, No. 05-04-00057-CV, 2004 WL 68762, at *1 (Tex. App.—Dallas Jan. 16, 2004, orig. proceeding [mand. dismissed]) (mem. op.). As a result, we conclude that the Relators have not established that they do not have an adequate appellate remedy.

## IV.    Disposition

Since Relators have not shown that they do not have an adequate appellate remedy, we deny the petition for a writ of mandamus.

Scott E. Stevens
Justice

Date Submitted:      September 27, 2021
Date Decided:        September 28, 2021

7