Justice Devine
delivered the opinion of the Court,
in which Chief Justice Hecht, Justice Green, Justice Johnson, Justice Willett, Justice Lehrmann, and Justice Boyd joined.
In this original proceeding, we consider whether the trial court abused its discretion by denying a motion to dismiss premised on a contractual forum-selection clause. The clause designated Franklin County, Ohio, as the place to settle disputes arising from the agreement, but suit was instead filed in Texas. Because the party who initiated the Texas litigation failed to establish the mandatory forum-selection clause was waived or otherwise unenforceable, we conclude that the trial court abused its discretion by not enforcing it. Accordingly, we conditionally grant the petition for writ of mandamus and direct the trial court to enforce the parties’ forum-selection clause.
I
Brian Besch formerly worked with Nationwide Insurance Company as an independent agent. After the relationship ended, he sued several Nationwide affili *711 ates[1] for breach of contract, fraud, and occupational disparagement, Besch’s allegations centered on his contract with Nationwide — the Replacement Agency Executive Program Performance Agreement (the RAE Agreement) — jwhich Besch claims Nationwide breached. The merits of that dispute, however, are not the issue in this original proceeding. The only issue here is whether Nationwide can enforce the RAE Agreement’s forum-selection clause. Found in section 40 of the RAE Agreement, that clause identifies Franklin County, Ohio, as the proper forum for a dispute concerning the RAE Program:
40. Governing Law
It is hereby agreed by the parties that this Agreement shall be governed by the laws of the State of Ohio ... and that any action or proceeding arising from a dispute concerning the RAE Program shall be brought in Franklin County, Ohio.
Nationwide is an Ohio corporation, headquartered in Columbus, Franklin County, Ohio.
Notwithstanding section 40’s designation of an Ohio forum, Besch filed the underlying lawsuit in Travis County, Texas. The suit was filed on December 26, 2012, and at its outset an attorney for Nationwide indicated that his client would seek to enforce the forum-selection clause. Nationwide, however, did not promptly move to dismiss the Texas proceeding. Instead, it waited until January 2015, making the motion only after changing counsel in the case. Nationwide’s new attorney does not attempt to explain the two-year delay.
One of Besch’s attorneys suggests, however, that a statement he made shortly after Nationwide answered the Texas suit may have been a factor. The deadline for that answer had been extended by agreement, and, during a conversation between attorneys shortly after the extended answer date, Nationwide’s attorney stated he would be filing a motion to dismiss based on the agreement’s mandatory forum-selection clause. Besch’s attorney.expressed his belief that Nationwide had waived the clause and consénted to the Texas proceedings by obtaining the agreed extension to answer. Besch’s attorney avers that after making this statement “there was á long pause on the other end of the phone,” and the attorney did not thereafter pursue the matter.
After Nationwide changed attorneys, however, its new counsel sought to enforce the forum-selection clause by moving to dismiss the Texas litigation. Besch responded that Nationwide had waived the clause by its substantial participation in the Texas litigation coupled with the delay in asserting its rights. Besch also maintained that Nationwide’s participation and delay.was prejudicial because his contract claim, although viable in Texas, was now barred under Ohio law.
Ohio law permits contracting parties to agree to a limitations period shorter than the statutory period generally applicable to contract claims, so long as the agreed period is reasonable. See Ohio Rev. Code § 2305.06 (establishing the limitations period); Sarmiento v. Grange Mut. Cas. Co., 106 Ohio St.3d 408, 835 N.E.2d 692, 696 (2005) (recognizing that parties may agree to shorter period). The parties’ agreement provided for a limitations period of three years (which is shorter than Ohio’s statutory period), and this period expired before Nationwide filed its motion to dis *712 miss in Texas. Besch’s contract claim was thus .subject to limitations in Ohio if the three-year-period was reasonable.
When Besch raised' these circumstances as a reason to deny Nationwide’s motion, Nationwide promptly agreed to waive enforcement of the contractual-limitations clause. The trial court, however, rejected the Waiver as “untimely” and denied the motion to dismiss.
. Nationwide . thereafter petitioned the court , of appeals for mandamus relief, but the court, summarily denied its petition. See' No’. 03-15-00169-CV, 2015 WL 1545930 (Tex.App.-Austin Apr. 3, 2015) (mem. op.). Nationwide now asks for mandamus relief in this Court.
II
To obtain relief by writ of mandamus, a relator must establish that an underlying order is .void or a clear abuse of discretion and that no adequate appellate remedy exists. Walker v. Packer, 827 S.W.2d 833, 839-40 (Tex.1992) (orig. proceeding). An abuse of discretion occurs when a trial court’s ruling is arbitrary and unreasonable, made without regard for guiding legal principles or supporting evidence. Ford Motor Co. v. Garcia, 363 S.W.3d 573, 578 (Tex.2012). Similarly, a trial court abuses its discretion when it fails to analyze or apply the law correctly. In re Sw. Bell Tel. Co., 226 S.W.3d 400, 403 (Tex.2007). Nationwide submits that the trial court clearly abused its discretion by not dismissing the underlying suit because the forum-selection clause was mandatory and had not been waived.
Contractual forum-selection clauses are generally enforceable in Texas. See In re AIU Ins. Co., 148 S.W.3d 109, 112 (Tex.2004). A trial court that refuses to enforce such an agreement abuses its discretion absent clear evidence that “(1) enforcement would be unreasonable or unjust, (2) the clause is invalid for reasons of fraud or. overreaching, (3) enforcement would contravene a strong public policy of the forum where the suit was brought, or (4) the- selected forum would be seriously inconvenient for trial.” In re Lyon Fin. Servs., Inc., 257 S.W.3d 228, 231-32 (Tex.2008) (per curiam) (citing AIU Ins. Co., 148 S.W.3d at 112). Absent these circumstances, a trial court should enforce a mandatory forum-selection clause by granting a motion to dismiss, and we have repeatedly held that appeal is inadequate to remedy the erroneous denial of such a motion.[2] But like other contractual rights, a forum-selection clause may be waived, and it would ordinarily be “unreasonable or unjust” for .a court to enforce a forum-selection clause after it has been waived. The question here is whether Nationwide’s conduct in the Texas litigation waived the clause.
Generally, “waiver” consists of the intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right. See Jernigan v. Langley, 111 S.W.3d 153, 156 (Tex.2003) (per curiam). In this instance, however, we have borrowed a different standard from the jurisprudence applicable to arbitration clauses, an analogous type of forum-selection clause. . See Automated Col *713 lection Techs., 156 S.W.3d at 559 (citing In re Bruce Terminix Co., 988 S.W.2d 702, 704 (Tex.1998)). That test embodies aspects of estoppel and provides: “A party waives a forum-selection clause by substantially invoking the judicial process to the other party’s detriment or prejudice.” ADM Inv’r Servs., 304 S.W.3d at 374. Substantial invocation and resulting prejudice must both occur to waive the right. Perry Homes v. Cull, 258 S.W.3d 580, 593 (Tex.2008); Automated Collection Techs., 156 S.W.3d at 559. Whether litigation conduct is “substantial” depends on context and is determined on a case-by-case basis from the totality of the circumstances. Perry Homes, 258 S.W.3d at 591-93.
The trial court concluded that Nationwide’s conduct here was substantial. After reciting the details of Nationwide’s participation in the Texas litigation and its delay in asserting its rights under the forum-selection clause, the court concluded that Besch could “suffer, the ultimate prejudice” were the Texas litigation to be dismissed because Besch’s contract claim was now barred in Ohio. The court accordingly denied the motion to dismiss, finding that Nationwide waived its right to enforce the forum-selection clause by substantially invoking the litigation process to Besch’s prejudice.
t — 1 ⅜ — 1
Nationwide maintains that in the context of this case its conduct in the trial court was neither substantial nor prejudicial and that the trial court’s denial of its motion to dismiss was thus- an abuse of discretion. But to. be sure, Nationwide was active ,in the Texas litigation. The record reflects that Nationwide showed more initiative in the case than Besch.
Nationwide served answers and a counterclaim, filed special exceptions and two Rule 91a motions to dismiss specific claims, served written discovery, and- obtained an agreed confidentiality-and protective order. But the parties’ interaction with the trial court was minimal. Although the court sustained Nationwide’s special exceptions and signed the agreed protective order, it made no dispositive rulings even though Nationwide moved to dismiss some of Besch’s causes of action as baseless. The court never heard these motions because Besch elected to amend his pleadings and voluntarily remove the objectionable claims rather than face the prospect of their formal dismissal. See Tex. R. Civ. P. 91a (providing for the dismissal of baseless causes of action and the award Of costs and attorney’s fees). In contrast to Nationwide, Besch’s only apparent activity during this period was to agree to the protective order and amend his petition in response to Nationwide’s special exceptions and Rule 91a' motions.
Whether a party has substantially. invoked the judicial process is a question of degree judged from the totality of the circumstances, Perry Homes, 258 S.W,3d at 591-93, and as already noted the trial court viewed Nationwide’s activity in the , case as sufficient invocation of the process. The court also found detriment or prejudice to Besch both in the time and expense of two years of litigation in Travis County and in Nationwide’s delay in asserting its rights under the forum selection clause. But Besch concedes that the “time, effort, and funds” he expended in- the Texas litigation are not the type of detriment “typically ... deemed [ Sufficient by Texas courts to avoid a forum-selection clause,” citing Automated Collection Techs., 156 S.W.3d at 559-60. We agree. See id. at 560 (“PSC chose to initiate proceedings in- a forum other than the -one to which it contractually agreed and cannot complain about any *714 duplication of time or efforts that resulted from that choice.”). Moreover, delay-alone is generally insufficient to establish waiver. In re Vesta Ins. Grp., 192 S.W.3d 759, 763 (Tex.2006). But the trial court found Nationwide’s delay prejudicial because Nationwide’s assertion of its right under the forum-selection clause came after the expiration of the contractual-limitations period.
Besch argues that this delay was part of Nationwide’s litigation strategy, suggesting that Nationwide participated in the Texas litigation only long enough for the contract claim to become barred in Ohio. And, although Nationwide promptly agreed to waive limitations so that the contract claim could proceed in the proper forum, Besch discounts the concession as inconsequential because, under Besch’s reading of Perry Homes, prejudice in this context does not require a showing of “irretrievable loss.” See Perry Homes, 258 S.W.3d at 599 (observing that the dissenting opinions in the case erroneously defined “prejudice in a way that makes it impossible to prove” and imposed what appeared to be an “irretrievable-loss standard” rather than the “inherent-unfairness standard used by the federal courts”).
Nationwide responds that Besch is responsible for any alleged detriment or prejudice because of his own litigation strategy — that of filing suit in Texas instead of the contractually required Ohio forum. Even so, Nationwide submits the alleged “prejudice” here has always been theoretical because of Nationwide’s prompt agreement to relinquish its right to enforce the contractual limitations period. Finally, Nationwide submits Besch’s discussion of “irretrievable loss” from Perry Homes is misguided because the prejudice there was real, not imagined or theoretical as in this case. See id. at 599-600.
Indeed, Perry Homes requires more than theoretical harm; it “requires a showing of prejudice.” Id. at 595. The disagreement among the Court’s members in Perry Homes concerned the degree of proof required to demonstrate such prejudice. Id. at 599. Nationwide submits that Besch has suffered no actual prejudice here because nothing prevents him from pursuing his contract claim in the agreed forum now that Nationwide has waived the contractual limitations period. We agree.
As we said in Perry Homes : “In cases of waiver by litigation conduct, the precise question is not so much when waiver occurs as when a party can no longer take it back.” Id. at 595. Explaining further, we observed that the test for waiver in this context is “quite similar” to estoppel, “a defensive theory barring parties from asserting a claim or defense when their representations have induced ‘action or forbearance of a definite and substantial character’ and ‘injustice can be avoided only by enforcement.’ ” Id. at 593 (quoting Trammell Crow Co. No. 60 v. Harkinson, 944 S.W.2d 631, 636 (Tex.1997)). Applying that test for waiver here, we conclude that Besch never actually suffered the prejudice of which he complains. The assumed loss of his contract claim, once theoretical, does not exist because of Nationwide’s voluntary waiver of the contractual-limitations period. The trial court accordingly abused its discretion in refusing to enforce the forum-selection clause on the basis of this alleged prejudice.
IV
Besch also argues that he will be prejudiced if the forum-selection clause is enforced because his fraud claim is also barred by limitations in Ohio. Unlike his breach-of-contract claim, however, Besch had a reasonable opportunity to preserve this claim in Ohio. It did not become *715 barred until several-months after Nationwide asserted its rights under the mandatory forum-selection clause.
At the hearing on Nationwide’s dismissal motion, Nationwide not only waived its right to enforce the contractual-limitations clause but also pointed out that Ohio’s four-year limitations period for tort claims had yet to expire based on the facts alleged in Besch’s pleadings. Nationwide further suggested that based on his pleadings Besch’s tort claims would become barred under Ohio law in about seven months, that is, in September 2015.
Having prevailed in the trial court, Besch elected not to refile his lawsuit in Ohio. Meanwhile, Nationwide pursued mandamus relief from the trial court’s order, but the court of appeals denied its mandamus petition on April 3, 2015. That same month, Nationwide filed for mandamus relief in this Court. We indicated our interest in the matter, asking Besch to respond. Besch filed his response in July, and, a couple of months after that, Ohio’s tort statute of limitations apparently expired. None of the briefing, however, mentioned the impending fraud limitations issue as a basis of prejudice in the underlying case. In fact, the issue was not raised until oral argument, at which time Nationwide candidly advised the Court that, although it had waived contractual limitations in Ohio, it had not also waived its rights under Ohio’s tort statute of limitations.
Following oral argument, Besch filed a post-submission brief in which he asserted for the first time that he had “suffered prejudice (through the loss of his fraud claim) as a result of Nationwide’s litigation strategy of lying behind the log.” He contended further that Nationwide used the Texas lawsuit and mandamus proceedings “to gain an unfair tactical advantage by purporting to remove one aspect of Mr. Besch’s prejudice with one hand (contractual limitations) and stealthily maneuvering to maintain a different type of prejudice with the other (statutory limitations).”
Nationwide also filed a’ post-submission brief, responding that it had not been lying behind any logs. Instead, Nationwide noted that it had advised the trial court and Besch’s counsel at the- February hearing that Besch’s tort claims needed to be filed in Ohio before the expiration of the state’s four-year tort statute of limitations in September. Nationwide also agreed to waive the contractual-limitations period at’ that hearing to allay concern that it had purposefully delayed enforcement of the forum-selection clause for its own advantage. But Nationwide submits that its delay created no similar advantage as to Besch’s fraud claim. Because Nationwide plainly put Besch on-notice that he still had to deal with the upcoming expiration of Ohio’s tort statute of limitations, Nationwide concludes that it bears no responsibility for this potential prejudice.
The trial court’s order did not mention statutory limitations as a basis for prejudice, relying instead on the contractual-limitations period. Because statutory limitations was neither a basis for the trial court’s order nor an obstacle to Besch’s fraud claim in Ohio at the time, we question its relevance to these proceedings. See Univ. of Tex. v. Morris, 162 Tex. 60, 344 S.W.2d 426, 429 (1961) (noting that an abuse of discretion is generally determined from the record and circumstances existing at the time of the trial court’s decision). But even assuming relevance, Nationwide’s pursuit of mandamus relief, like its motion to dismiss in the first place, does not evidence an intent to waive the forum-selection clause but rather the opposite. A party has a legal right to pursue relief based on the existence of a mandatory forum-selection clause and waiver of the *716 underlying contractual right 'must . be premised on something other than its- assertion. In short, Nationwide has not substantially invoked the judicial process to Besch’s. prejudice merely by pursuing mandamus relief .in this Court. Cf. G.T. Leach Builders, LLC v. Sapphire V.P., LP, 458 S.W.3d 502, 513 (Tex.2015) (“A party’s litigation conduct aimed at defending itself and minimizing its. litigation expenses, rather than at taking advantage of the judicial forum, does not amount to substantial invocation of the -judicial process.”).
V
The dissent argues that Nationwide’s delay in asserting its contractual forum-selection rights in this case potentially prejudices Beseh’s contract claim because there is no proof that Nationwide will hon- or its waiver of the contractual-limitations clause. Post at 721 (Guzman, J., dissenting). Nationwide expressly waived the agreement’s limitations clause at the trial court hearing, repeated its waiver in briefing to this Court, and reiterated the waiver during oral argument. The trial court’s order acknowledged the waiver, and did not find it invalid, but rather dismissed it as . “untimely.” Nationwide submits its contractual-limitations waiver was timely because Besch’s assertion of prejudice was not raised until the day before the dismissal-motion hearing.
The dissent maintains that Nationwide should have done more than merely waive its rights and that the situation here is somewhat analogous to a forum-non-conve-niens motion under section 71.051 of the Civil Practice and Remedies Code. Post at 720. Under that statute, a court may set terms and conditions for staying or dismissing a claim or action in favor of a more convenient forum and provide for the case’s reinstatement should the moving party violate the terms and conditions. See Tex. Crv. Prac. & Rem. Code § 71.051(c). The issue of a “seriously inconvenient” forum, however, goes to the. validity of the forum-selection clause itself. AIU Ins. Co., 148 S.W.3d at 112. That issue was not raised in the trial court, but that is not to say the trial court lacked authority to set the terms and conditions necessary to avoid prejudice — only that this was not the trial court’s apparent concern. The court declined to accept Nationwide’s waiver of contractual limitations not because it was invalid or unenforceable but because it was “untimely.” No basis exists to conclude, however, that the timing of Nationwide’s waiver caused Besch any prejudice.
The dissent also argues that Nationwide has gained an unfair advantage because limitations ran on Besch’s fraud claim several months after the trial court’s order denying the motion to dismiss. Post at 721. The dissent further criticizes the Court for placing undue weight on the fact that this unfair advantage or prejudice did not exist when the trial- court denied Nationwide’s dismissal motion, asserting that the Court’s approach ignores Perry Home’s totality-of-the-circumstances test,■ which the dissent suggests should include future circumstances, not merely those existing at the time of the trial court’s decision. Post at 722. The dissent, however, fails to explain how Nationwide’s conduct or the totality of the circumstances caused the loss of Besch’s fraud claim in Ohio. Certainly, Besch did not demonstrate that enforcement of the forum-selection clause would result in such prejudice in the trial court, and the dissent merely suggests that Nationwide’s delay in asserting its forum-selection rights induced Besch not to file suit in Ohio.
To be clear,- Besch did not assert the potential loss of his fraud claim as a basis to deny Nationwide’s dismissal mo *717 tion, and the trial court’s order does not mention this future prejudice as a basis for denying Nationwide’s motion. But even had Besch raised the matter, it would not have demonstrated the existence of prejudice or an unfair advantage. The alleged prejudice would only have been that Nationwide’s delay left Besch a mere seven months in which to file his fraud claim in Ohio before limitations expired! The standard for waiver of a contractual fórum-selection clause, however, incorporates as-' pects of estoppel and “requires a showing of [actual] prejudice.” Perry Homes, 258 S.W.3d at 595. Thus, even assuming Nationwide’s conduct substantially invoked the judicial process, no evidence exists tying that conduct to any existing prejudice or unfair advantage at the time of the trial court’s ruling.
■ ⅜ # *
For the foregoing reasons, we conditionally grant the petition for writ of mandamus and direct the trial court to enforce the parties’ forum-selection clause. We are confident the trial court will comply and vacate its order denying Nationwide’s motion to dismiss. The writ will issue only if it does not.
Justice Guzman filed a dissenting opinion, in which Justice Brown joined.

. The defendants named in the suit included Nationwide Mutual Insurance Company, Nationwide Insurance Company of America, Nationwide Mutual Fire Insurance Company, Nationwide Life Insurance Company, Nationwide General Insurance Company, Nationwide Property and Casualty Insurance Com'pany, and Ronni B. Poe.

. See, e.g., In re Lisa Laser USA, Inc., 310 S.W.3d 880, 883 (Tex.2010) (per curiam); In re Laibe Corp., 307 S.W.3d 314, 316 (Tex.2010) (per curiam); In re ADM Inv'r Servs., Inc., 304 S.W.3d 371, 374 (Tex.2010); In re Int’l Profit Assocs., 286 S.W.3d 921, 922 (Tex.2009) (per curiam); In, re Int’l Profit Assocs., 214 S.W.3d 672, 675 (Tex.2009) (per curiam); In re AutoNation, Inc., 228 S.W.3d 663, 667-68 (Tex.2007); In re Automated Collection Techs., Inc., 156 S.W.3d 557, 559 (Tex.2004) (per curiam); In re AIU Ins. Co., 148 S.W.3d at 114-15,