

# NUMBER 13-20-00015-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE DIANNA BERNSEN

### On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Benavides, Hinojosa, and Tijerina
### Memorandum Opinion by Justice Tijerina[1]

On January 13, 2020, relator Dianna Bernsen filed a petition for writ of mandamus and an emergency motion for stay in the above cause. Through her petition for writ of mandamus, relator argues that the trial court erred in issuing various verbal and written orders compelling discovery on December 2, 2019, December 3, 2019, and December 5,

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so."); *id. R.* 47.4 (distinguishing opinions and memorandum opinions).

2019. By emergency motion, relator seeks to stay the underlying proceedings, including a show cause hearing set for January 13, 2019, regarding, inter alia, relator's failure to comply with the foregoing discovery orders.

"[M]andamus is both an extraordinary remedy and a discretionary one." *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam). To obtain relief by writ of mandamus, a relator must establish that an underlying order is void or a clear abuse of discretion and that no adequate appellate remedy exists. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide*, 494 S.W.3d at 712; *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136.

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that the relator has not met her burden to obtain relief. Accordingly, we deny the petition for writ of mandamus and the emergency motion for stay.

JAIME TIJERINA,
Justice

Delivered and filed the
14th day of January, 2020.

2