

# NUMBER 13-21-00072-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

### IN RE C.A. WINN FAMILY ENTERPRISES, LTD.,
### TOM C. WINN FAMILY ENTERPRISES, LTD.,
### AND SOUTHERN WINN FAMILY ENTERPRISES, LTD.

### On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Longoria and Tijerina
### Memorandum Opinion by Justice Longoria[1]

On March 8, 2021, relators C.A. Winn Family Enterprises, Ltd., Tom C. Winn Family Enterprises, Ltd., and Southern Winn Family Enterprises, Ltd., filed a petition for writ of mandamus seeking to compel the trial court to vacate its venue order transferring the underlying case from Nueces County, Texas, to Bexar County, Texas, where a related

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so," but "[w]hen granting relief, the court must hand down an opinion as in any other case"); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

case was pending. Relators assert that venue is mandatory in Nueces County, Texas, because the underlying transaction is a "major transaction." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.020 (providing that those lawsuits which arise from a "major transaction" should be brought in the county specified by the agreement of the parties); *In re Fisher*, 433 S.W.3d 523, 530 (Tex. 2014) (orig. proceeding) (applying a "common-sense analysis" of the claims made to determine whether mandatory venue applies in a major transaction).

Mandamus is both an extraordinary remedy and a discretionary one. *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam). To obtain relief by writ of mandamus, a relator must establish that an underlying order is void or a clear abuse of discretion and that no adequate appellate remedy exists. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "A party may apply for a writ of mandamus with an appellate court to enforce the mandatory venue provisions of [Chapter 15 of the Texas Civil Practice and Remedies Code]." TEX. CIV. PRAC. & REM. CODE ANN. § 15.0642. "In mandatory-venue cases, mandamus relief is available without proof of an inadequate appellate remedy if the trial court clearly abused its discretion." *See In re Fox River Real Estate Holdings, Inc.*, 596 S.W.3d 759, 763 (Tex. 2020) (orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by the real parties in interest, Lloyd Gillespie, 2350 Senator Partners, LLC, and Gillespie Partners, Ltd., and the additional briefing provided by the parties, is of

the opinion that relators have failed to meet their burden to obtain relief. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.020; *In re Fisher*, 433 S.W.3d at 530; *see also In re EOG Res., Inc.*, No. 12-18-00054-CV, 2018 WL 3197612, at *2 (Tex. App.—Tyler June 29, 2018, orig. proceeding) (mem. op.). Accordingly, we deny the petition for writ of mandamus.

NORA L. LONGORIA
Justice

Delivered and filed on the
10th day of June, 2021.