

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-21-00093-CV

---

## IN RE TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, MICHAEL DUNN, AND SMEAD, ANDERSON & DUNN

---

Original Mandamus Proceeding

---

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

This original mandamus proceeding arises out of a discovery dispute regarding emails between the attorneys for real party in interest, John Goin, and certain attorneys representing Hope Crump that Goin has asserted are protected by the allied-litigant privilege.[1] The trial court reviewed the disputed communications in camera and upheld the privilege with respect to all the emails in question. Travelers Property Casualty Company of America (Travelers), Michael Dunn, and Smead, Anderson & Dunn (collectively the Dunn Defendants), Relators, have petitioned this Court for a writ of mandamus requiring the Honorable Laurine J. Blake, judge of the 336th Judicial District Court of Fannin County, to vacate a portion of her order denying their motions to compel and sustaining Goin's assertions of allied-litigant privilege and requiring Judge Blake to enter an order overruling Goin's assertions of privilege and granting Relators' motion to compel production of the emails. Because Relators have not shown the lack of an adequate appellate remedy, we deny the petition for a writ of mandamus.

In a prior mandamus proceeding, we set forth some of the pertinent background:

In January 2012, Goin, an employee of Mica Corporation (Mica), was driving a pickup truck owned by Mica when it was involved in a rollover accident in which the passenger, Hope Crump, was ejected and rendered a paraplegic. In March 2012, Crump sued Goin and Mica in Anderson County, seeking recovery of damages for personal injuries sustained as a result of the accident. The truck, and all permissive users, were covered by a commercial automobile policy issued to Mica by Travelers. Consequently, Travelers hired [the Dunn Defendants] to defend Goin in the lawsuit.[2]

---

[1]*See* TEX. R. EVID. 503(b)(1)(C); *In re XL Specialty Ins. Co.*, 373 S.W.3d 46, 52 (Tex. 2012) (orig. proceeding) ("Rule 503(b)(1)(C)'s privilege is more appropriately termed an 'allied litigant' privilege.").

[2]This defense was tendered pursuant to a reservation of rights, as there was a question about whether Goin had Mica's permission to operate the pickup truck at the time of the accident.

> In January 2013, Crump nonsuited the Anderson County lawsuit and later refiled her claims in Dallas County.[3] Travelers did not tender a defense on Goin's behalf for approximately eighteen months after the lawsuit was filed, by which time most of the pretrial deadlines had expired.[4] The trial took place in February 2015, at the conclusion of which the trial court entered judgment against Goin in the amount of $10,125,433.96, prejudgment interest in the amount of $220,532.40, and post-judgment interest at the rate of 5% per annum.

*In re Goin*, No. 06-17-00047-CV, 2017 WL 2961478, at *1 (Tex. App.—Texarkana July 12, 2017, orig. proceeding) (mem. op.).

According to Relators' petition, in April 2015, Goin filed the present lawsuit against Travelers and asserted various causes of action based on Travelers' alleged mishandling of his defense, including that Travelers breached its duties to defend and indemnify him and that it violated various duties under the Texas Insurance Code, the Texas Deceptive Trade Practices Act (TDTPA), and Texas common law. Goin later amended his petition to assert claims against the Dunn Defendants and asserted claims against them based on the alleged mishandling of his defense, including legal malpractice and violations of their duties under the Texas Insurance Code, the TDTPA, and Texas common law. In May 2016, Crump intervened in the lawsuit as a plaintiff and asserted an interest in Goin's claims against Travelers and the Dunn Defendants.

In February 2018, the trial court granted the Dunn Defendants' motion for leave to designate E. Todd Tracy, Rachel Montes, Andrew G. Counts, the Tracy Law Firm, and Montes Law Group (collectively the Tracy Group) as responsible third parties for any damages incurred

---

[3]In the interim, Goin was sentenced to a term of twelve years' incarceration, allegedly as a result of his conviction for intoxication assault.

[4]The parties vary greatly in their explanations for Travelers' delay in tendering a defense to the Dallas County lawsuit.

by Goin. According to the motion, the Tracy Group represented Crump in her personal injury lawsuit against Goin. The motion alleged, *inter alia*, that, while Goin was in prison and unrepresented in the lawsuit, one or more of the attorneys in the Tracy Group met with Goin and convinced him to sign a pro se answer that they had prepared for him but neglected to tell him that, if he did nothing, the lawsuit would be dismissed within a few weeks.

In April 2020, Crump non-suited her claims in intervention against Travelers and the Dunn Defendants in this lawsuit. During discovery, Relators served requests for production of documents requesting all correspondence between Goin or his attorneys and the attorneys in the Tracy Group. On January 21 and June 4, 2021, Goin filed two privilege logs identifying over 100 emails and email chains between his attorneys and the attorneys in the Tracy Group of various dates between May 12, 2015, and January 7, 2021, and asserted that each email or email chain was protected from disclosure by the allied-litigant privilege. Relators filed motions to compel the production of the documents identified in the privilege logs, and after a hearing, Goin produced the documents for in-camera inspection by the trial court. After reviewing the emails and email chains identified in the privilege logs, the trial court denied the Relators' motions to compel and found that the allied-litigant privilege protected all of the emails and email chains from production.

"To obtain relief by writ of mandamus, a relator must establish that an underlying order is void or a clear abuse of discretion and that no adequate appellate remedy exists." *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding) (citing *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding)). "An abuse of discretion

4

occurs when a trial court's ruling is arbitrary and unreasonable, made without regard for guiding legal principles or supporting evidence." *Id.* (citing *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012)). "Similarly, a trial court abuses its discretion when it fails to analyze or apply the law correctly." *Id.* (citing *In re Sw. Bell Tel. Co.*, 226 S.W.3d 400, 403 (Tex. 2007) (orig. proceeding)).

However, even if the trial court abused its discretion, "[m]andamus will not issue where there is a clear and adequate remedy at law, such as an appeal." *Able Supply Co. v. Moye*, 898 S.W.2d 766, 771 (Tex. 1995) (citing *Walker*, 827 S.W.2d at 840–42). Appellate courts "generally do not review orders refusing to compel discovery." *In re Allied Chem. Corp.*, 227 S.W.3d 652, 658 (Tex. 2007) (orig. proceeding). However, as we recently recognized, "the Texas Supreme Court has recognized 'at least three situations exist in the discovery context where a remedy by an appeal may be inadequate.'" *In re Travelers Prop. Cas. Co. of Am., Michael Dunn, and Smead, Anderson & Dunn*, No. 06-21-00077-CV, 2021 WL 4432268, at *2 (Tex. App.—Texarkana Sept. 28, 2021, orig. proceeding) (mem. op.) (quoting *Able Supply*, 898 S.W.2d at 771) (citing *Walker*, 827 S.W.2d at 843). "First, there is an inadequate remedy by appeal 'when a discovery order imposes a burden on one party far out of proportion to any benefit to the other.'" *Id.* (quoting *Allied Chem. Corp.*, 227 S.W.3d at 658). "There may also be an inadequate remedy by appeal 'when a denial of discovery goes to the heart of a party's case,' or 'when a discovery order severely compromises a party's ability to present any case at all.'" *Id.* at *3 (quoting *Allied Chem. Corp.*, 277 S.W.3d at 658) (citing *Able Supply*, 898 S.W.2d at 772). And "there may be an inadequate remedy by appeal 'where the trial court disallows

5

discovery and the missing discovery cannot be made part of the appellate record, or the trial court after proper request refuses to make it a part of the record, and the reviewing court is unable to evaluate the trial court's error on the record before it.'" *Id.* (quoting *Walker*, 827 S.W.2d at 843–44) (citing *Tom L. Scott, Inc. v. McIlhany*, 798 S.W.2d 556, 558 (Tex. 1990); *Jampole v. Touchy*, 673 S.W.2d 569, 576 (Tex. 1984))). "A denial of discovery goes to the heart of a party's case when the party is prevented from developing essential elements of its claim or defense." *In re Buffa*, No. 13-18-00401-CV, 2018 WL 6187080, at *1 (Tex. App.—Corpus Christi Nov. 27, 2018, orig. proceeding [mand. denied]) (mem. op.) (citing *Able Supply*, 898 S.W.2d at 772).

The district court has provided us with the sealed documents that were provided for in-camera inspection by the trial court, and we have reviewed the same. After our review of the documents, even assuming the trial court erred in its determination that all of the emails and email chains were protected from discovery by the allied-litigant privilege, we cannot say that the trial court's rulings prevented Relators from developing the essential elements of their claims against the Tracy Defendants, severely compromised their ability to present any case at all, or placed a disproportionate burden on them. *See Allied Chem. Corp.*, 227 S.W.3d at 658; *Able Supply*, 898 S.W.2d at 772. As a result, we conclude that the Relators have not established the lack of an adequate appellate remedy.

6

Since Relators have not shown that they do not have an adequate appellate remedy, we deny the petition for a writ of mandamus.

Josh R. Morriss III
Chief Justice

Date Submitted:    November 4, 2021
Date Decided:     November 5, 2021