**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-22-00209-CV**

_____

**IN RE PAUL C. MURPHY IV, KELLY A. YOUNG,
ELIZABETH ANN CROFFORD SMITH, AVERY CLAIRE CROFFORD,
AND WILLIAM T. CROFFORD**

**Original Proceeding
County Court at Law No. 2 of Montgomery County, Texas
Trial Cause No. 19-37828-P**

**MEMORANDUM OPINION**

Paul C. Murphy IV, Kelly A. Young, Elizabeth Ann Crofford Smith, Avery Claire Crofford, and William T. Crofford, Relators, filed a petition for a writ of mandamus to compel the Honorable Judge Lamar McCorkle, Senior Judge sitting by assignment to the County Court at Law Number 2 of Montgomery County, Texas, to vacate all orders he signed in Trial Cause Number 19-37828-P and request another judge be assigned to the case. *See generally* Tex. Gov't Code Ann. § 22.221(b)(1).

1

Relators argue the order of assignment is void because the Honorable Olen Underwood, the presiding judge of the Second Administrative District, did not have the power to assign Judge McCorkle to a court in the Second Administrative District and that Judge Underwood violated statutory requirements and administrative rules when he assigned Judge McCorkle to the case on November 6, 2020.[1] Relators contend that on January 21, 2022, Judge McCorkle abused his discretion by overruling Relators' December 7, 2021 Verified Objection to Assigned Judge and Request for Reassignment and by failing to rule on the Supplemental Verified Objection they filed on January 19, 2022. Relators insist they did not object to Judge McCorkle under section 74.053 of the Texas Government Code and consequently Judge McCorkle erred by ruling that their objection was untimely. *See generally* Tex. Gov't Code Ann. § 74.053 (c) ("An objection under this section must be filed not later than the seventh day after the date the party receives actual notice of the assignment or before the date the first hearing or trial, including pretrial hearings, commences, whichever date occurs earlier.").

"To obtain relief by writ of mandamus, a relator must establish that an underlying order is void or a clear abuse of discretion and that no adequate appellate remedy exists." *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016). After reviewing the petition and record, we conclude Relators are not entitled to

---

[1]This office is currently held by the Honorable Robert Hill Trapp.

2

mandamus relief. Accordingly, we deny the petition for a writ of mandamus. *See* Tex. R. App. P. 52.8(a).

PETITION DENIED.

PER CURIAM

Submitted on July 27, 2022
Opinion Delivered July 28, 2022

Before Golemon, C.J., Kreger and Horton, JJ.

3