**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-24-00280-CV**
_____

**IN RE JULIA ANN POFF**

**Original Proceeding**
**75th District Court of Liberty County, Texas**
**(Assigned to County Court at Law No. 2)**
**Trial Cause No. 23DC-CV-00103**

**MEMORANDUM OPINION**

In a petition for a writ of mandamus, Relator Julia Ann Poff complains that in her suit for divorce the trial court abused its discretion by failing to grant her motion to order a child custody evaluation without allowing her to present recent evidence of an incident of domestic violence. *See* Tex. Fam. Code Ann. § 107.103(a). Additionally, Poff argues that the trial court abused its discretion by failing to hear evidence regarding Poff's request for a temporary order enjoining a person her husband is in a relationship with from having contact with the Poffs' child.

1

Mandamus relief is an extraordinary remedy that issues only to correct a clear abuse of discretion for which the relator has no adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable, made without regard for guiding legal principles or supporting evidence." *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding) (citation omitted). A trial court also abuses its discretion if it fails to correctly analyze or apply the law, because a trial court has no discretion in determining what the law is or applying it to the facts. *See In re Prudential*, 148 S.W.3d at 135 (citation omitted).

Poff complains that the trial court abused its discretion by failing to grant her request for a child custody evaluation. She is relying on a statute that allows a court to order a child custody evaluation but does not require one. *See* Tex. Fam. Code Ann. § 107.103(a). She also complains that the trial court ignored two witnesses in a temporary orders hearing held by the trial court on April 15, 2024. The relator has the burden of providing the appellate court with a sufficient record to establish her right to mandamus relief. *Walker*, 827 S.W.2d at 837. Since the trial court held an evidentiary hearing, to establish her right to mandamus relief Poff must file a reporter's record of the hearing. *See id.*; *see also* Tex. R. App. P. 52.7(a)(2).

2

Generally, we may consider only documents that were before the court when it ruled. *See In re Energy Transfer LP*, No. 05-23-00686-CV, 2023 WL 4731299, at *1 (Tex. App.—Dallas July 25, 2023, orig. proceeding [mand. denied]) (mem. op.).

We cannot speculate on the reasons that the trial court might not have granted the relief Poff says she requested. On the record before us, we conclude the relator has not shown that the trial court abused its discretion. Accordingly, we deny the petition for a writ of mandamus. *See* Tex. R. App. P. 52.8(a).

PETITION DENIED.

PER CURIAM

Submitted on August 28, 2024
Opinion Delivered August 29, 2024

Before Golemon, C.J., Wright and Chambers, JJ.