**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

————————————

**NO. 09-26-00032-CV**

————————————

**IN RE MITCHELL WILLIAM BLAKELEY**

**Original Proceeding**
**418th District Court of Montgomery County, Texas**
**Trial Cause No. 25-05-07297**

**MEMORANDUM OPINION**

Mitchell William Blakeley filed a petition for a writ of mandamus and a motion for temporary relief. Relator Mitchell William Blakeley seeks to compel the trial court in the underlying suit for divorce and custody (1) to vacate an Order on Motion for Interim Attorney's Fees and Expenses and Trial Retainer dated January 14, 2026, (2) to vacate the trial court's Order on Petitioner's Motion for Leave dated January 14, 2026, and (3) to grant leave to Relator to allow him to designate George S. Glass, M.D. as an expert. *See* Tex. Fam. Code Ann. § 6.502(a)(4); Tex. R. Civ. P. 193.6.

1

We may issue a writ of mandamus to remedy a clear abuse of discretion by the trial court when the relator lacks an adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). "An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable, made without regard for guiding legal principles or supporting evidence." *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding). A trial court also abuses its discretion if it fails to correctly analyze or apply the law, because a trial court has no discretion in determining what the law is or in applying the law to the facts. *See Prudential*, 148 S.W.3d at 135; *Walker*, 827 S.W.2d at 840.

Having reviewed the petition for a writ of mandamus and the record submitted with the petition, we conclude that the Relator has not shown that he is entitled to mandamus relief. Accordingly, we deny the petition for a writ of mandamus and the motion for temporary relief. *See* Tex. R. App. P. 52.8(a), 52.10.

PETITION DENIED.

PER CURIAM

Submitted on January 23, 2026
Opinion Delivered January 26, 2026

Before Golemon, C.J., Johnson and Chambers, JJ.

2