

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

No. 08-26-00073-CV

In re Areanna Carmona and Juan Carmona, Relators

## AN ORIGINAL PROCEEDING IN MANDAMUS

## MEMORANDUM OPINION

Relators, Areanna Carmona and Juan Carmona, filed a petition for writ of mandamus seeking an order directing the trial court (1) to withdraw its January 5, 2026 order determining that a April 2, 2025 judgment was an interlocutory rather than final, and (2) to deny the real parties in interest's motions seeking a determination that the April 2, 2025 order was interlocutory in nature and did not dispose of all claims in the case[1]. We deny the petition.

---

[1] The Carmonas identify only one real party in interest, W.C., in this proceeding. However, granting the Carmonas' requested relief could affect the claims asserted by the other plaintiffs in the court below, including E.H. and Eduardo Canales. We therefore treat all of the plaintiffs in the court below as real parties in interest.

# I. BACKGROUND

On November 7, 2023, three parties, E.H., Eduardo Canales, and W.C., filed a lawsuit against the Carmonas. Each of the plaintiffs asserted claims in their individual capacities, and E.H. and W.C. also asserted claims on behalf of minor children.

On March 24, 2025, the trial court held a hearing in the case. At the hearing, the parties established that they had attended mediation, settled the claims involving the minor children, and were asking the trial court to approve the settlement involving the minor children. At the conclusion of the hearing, the trial court "approve[d] the settlement on behalf of the minor children." Neither the trial court nor any of the parties addressed or considered any claims asserted by Eduardo Canales or W.C. in his individual capacity.

On April 2, 2025, the trial court signed a "FINAL JUDGMENT AND RELEASE OF JUDGMENT." In the judgment, the trial court stated that it was considering the case, "particularly the cause of Plaintiffs [E.H.] Individually and on behalf of M.C., Minor and Plaintiffs [W.C.] Individually and on behalf of G.C. and I.R., minors." The court then stated that the parties had "agreed upon a compromise and settlement of all matters at issue between the parties and that the proceeds of said settlement will be paid in part for the benefit of the minor plaintiffs" and awarded judgment in favor of the minor children consistent with the settlement agreement established at the March 24, 2025 hearing. The court further stated that the Carmonas had discharged their obligations under the judgment by paying the amounts awarded to the minors and "ORDERED that Defendants, Areanna Carmona and Juan Carmona, are hereby released from this Judgment and any further liability pleaded, and/or that could have been pleaded, in this matter, that no execution shall issue on this Judgment." The court concluded by indicating, "All other relief not specifically granted herein is expressly Denied."

On November 24, 2025, after realizing that the trial court clerk had closed the case, the real parties in interest filed a motion seeking entry of a judgment nunc pro tunc, correcting the April 2, 2025 judgment to "accurately reflect the Court's oral rendition on March 24, 2025." The real parties in interest subsequently moved the trial court to determine that the April 2, 2025 judgment was interlocutory so W.C.'s individual claims could proceed.

In response, the Carmonas contended that the trial court had "never pronounced or rendered any judgment on [W.C.]'s individual claims prior to signing the Final Judgment."[2] The Carmonas therefore argued that the trial court made a judicial error when it issued the April 2, 2025 judgment, that the error was not subject to correction via a judgment nunc pro tunc, and that the error was no longer subject to correction because the deadline for filing a notice of appeal had expired.

The trial court held a hearing on the real parties in interest's motions on December 15, 2025. At the hearing, the real parties in interest contended that the trial court's April 2, 2025 judgment did not dispose of all claims in the case and was not a final judgment. The real parties also argued that if the judgment was a final judgment, it should be corrected with a judgment nunc pro tunc. The Carmonas responded by arguing that although the parties had not settled W.C.'s claims, the judgment resolved all claims in the case, the entry of judgment as to the non-settled claims was erroneous, and the erroneous entry of judgment constituted a judicial error over which the trial court's plenary authority had expired.[3]

On January 5, 2026, the trial court signed an order in which the trial court "determine[d] the April 2, 2025[] order is interlocutory and not a final judgment"; "[a]lternatively, . . . 'enter[ed]

---

[2] In their response to the motion for judgment nunc pro tunc, the Carmonas asserted that "[t]he only matter[s] the parties raised—and the only matter the Court considered—at the [March 24, 2025] hearing was approval of the minors' settlements" and that "the record reflects that a judgment extinguishing [W.C.]'s individual claims should not have been rendered at all."

[3] Contradictorily, the Carmonas argued at the hearing that the trial court "would have plenary power regarding Mr. Canales and [E.H.'s] claims, if need be. However, [W.C.'s] claims, those have expired."

judgment nunc pro tunc to correct the record and accurately reflect the Court's ruling of March 24, 2025"; and restored [W.C.]'s claims to the court's docket.

## II. MANDAMUS STANDARD

A relator seeking mandamus relief must establish that the trial court failed to perform a ministerial duty or committed a clear abuse of discretion and that the relator lacks an adequate remedy by way of appeal. *See In re UpCurve Energy Partners LLC*, 632 S.W.3d 254, 256 (Tex. App.—El Paso 2021, orig. proceeding); *In re Phillips*, 496 S.W.3d 769, 774 (Tex. 2016); *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding). A trial court abuses its discretion when it makes a ruling that is arbitrary and unreasonable, without regard for guiding legal principles or supporting evidence, or when it fails to analyze or apply the law correctly. *Nationwide Ins. Co. of Am.*, 494 S.W.3d at 712.

## III. DISCUSSION

In their mandamus petition, the Carmonas argue the trial court erroneously disposed of W.C.'s individual personal injury claim; that the disposal of W.C.'s claim constituted a judicial error; and that the trial court lacked jurisdiction to correct the error on January 5, 2026, when it entered its order restoring W.C.'s claims to the court's docket. The Carmonas therefore assert that the trial court's January 5, 2026 order is void and that they "are entitled to mandamus relief without need to show they have no adequate remedy by appeal." We disagree.

### A. Applicable law

The Texas Supreme Court has "held that a judgment is final *either* if 'it actually disposes of every pending claim and party' *or* 'it clearly and unequivocally states that it finally disposes of all claims and all parties.'" *Bella Palma, LLC v. Young*, 601 S.W.3d 799, 801 (Tex. 2020) (emphases in original) (quoting *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001)).

4

"[A]n order can be a final judgment for appeal purposes even though it does not purport to be if it actually disposes of all claims still pending in the case." *Lehmann*, 39 S.W.3d at 204. An order can also "be final and appealable when it should not be." *Id.* "Although no 'magic language' is required, a trial court may express its intent to render a final judgment by describing its action as (1) final, (2) a disposition of all claims and parties, and (3) appealable." *Young*, 601 S.W.3d at 801. On the other hand,

> when there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of all claims and all parties. . . . An order that disposes of claims by only one of multiple plaintiffs or against one of multiple defendants does not adjudicate claims by or against other parties. An order does not dispose of all claims and all parties merely because it is entitled 'final', or because the word 'final' appears elsewhere in the order, or even because it awards costs. Nor does an order completely dispose of a case merely because it states that it is appealable, since even interlocutory orders may sometimes be appealable. Rather, there must be some other clear indication that the trial court intended the order to completely dispose of the entire case.

*Lehmann*, 39 S.W.3d at 205. Moreover, the inclusion of a Mother Hubbard clause, which includes the statement that "all relief not granted is denied" or similar words, "does not indicate that a judgment rendered without a conventional trial is final for purposes of appeal." *Id.* at 203–04; *see In re R.R.K.*, 590 S.W.3d 535, 543 (Tex. 2019).

An order that includes language that clearly and unequivocally disposes of the entire case is a final order. *See Lehmann*, 39 S.W.3d at 206. But if the order does not contain clear and unequivocal language reflecting an intent to dispose of the entire case, such that there is doubt about whether the order is final, the appellate court must look at the record in the case to determine if the order disposes of all pending claims and parties. *See Young*, 601 S.W.3d at 801–02; *Lehmann*, 39 S.W.3d at 205–06. If an appellate court is uncertain about whether a trial court intended an order to be the final order in the case, the court "can abate the appeal to permit clarification by the trial court. But if the language of the order is clear and unequivocal, it must be given effect . . .."

5

*Lehmann*, 39 S.W.3d at 206. If an order improperly disposes of parties or claims without a legal basis for doing so, "the order must be appealed and reversed." *Id.*

## B. Analysis

In this case, the trial court's judgment begins by stating that it was considering "the cause of Plaintiffs [E.H.] Individually and on behalf of M.C., Minor and Plaintiffs [W.C] Individually and on behalf of G.C. and I.R., minors," without mentioning the final plaintiff, Eduardo Canales. The judgment then indicates that the parties had announced in open court that they had settled "all matters at issue between the parties and that the proceeds of said settlement will be paid in part for the benefit of the minor Plaintiffs" and that the trial court had determined the settlement should be given effect. Next, the judgment awards damages to E.H., "Individually and on behalf of M.C.," for the benefit of M.C., and awards damages to W. C., individually and on behalf of G.C. and I.R., for the benefit of G.C. and I.R. The judgment neither adjudicates or mentions any claims asserted by Eduardo Canales nor specifically discusses any personal injury claims asserted by E.H. and W.C. Nevertheless, the judgment includes a section entitled "Release of Judgment," in which the court stated that the Carmonas had "discharged their obligations under this Judgment by making payments of the amounts as set forth above" and ordered "that Defendants, Areanna Carmona and Juan Carmona, are hereby released from this Judgment and any further liability pleaded, and/or that could have been pleaded, in this matter." The judgment concludes with a statement that "[a]ll other relief not specifically granted herein is expressly Denied."

Although the judgment indicates that it is a final judgment, it neither states that it disposes of all parties and all claims nor that it is appealable.[4] *See Young*, 601 S.W.3d at 801; *R.R.K.*, 590

---

[4] In their petition, the Carmonas argue that "[t]he Final Judgment dismissed claims after settlement. Consequently, the traditional finality language indicating a judgment 'is appealable' would have been nonsensical to include." We disagree. According to both the record and the Carmonas' own argument, not all of the claims were settled; the Carmonas themselves argue in their brief that "the record demonstrates the Final Judgment should not have been

6

S.W.3d at 543. In addition, we conclude that the language in the judgment neither clearly nor unequivocally indicates that the trial court intended for the April 2, 2025 judgment to be the final judgment for the case. *See Young*, 601 S.W.3d at 801; *R.R.K.*, 590 S.W.3d at 542; *Lehmann*, 39 S.W.3d at 205. Specifically, we conclude that the final provision in the trial court's judgment is a Mother Hubbard clause, which does not render the judgment final as to all claims and all parties regardless of whether the claims or parties were actually disposed of in the judgment. *See Lehmann*, 39 S.W.3d at 203–04. Similarly, the provision in the judgment stating that the Carmonas are "released from this Judgment and any further liability pleaded, and/or that could have been pleaded, in this matter" does not, in the context of the entire judgment, demonstrate a clear and unequivocal intent to dispose of the entire case. In fact, this language appears to be little more than an alternative way of phrasing a Mother Hubbard clause, effectively stating that all claims for which relief was not granted are denied. Thus, it is unclear whether this language was intended to dispose of all claims that any party could have pleaded in the case; to dispose of all claims that were or could have been asserted by the parties at issue in the judgment, which, at a minimum, did not include Eduardo Canales; or to dispose of only the claims that could have been brought by or on behalf of the minor children.[5]

Because the judgment does not contain clear and unequivocal language demonstrating an intent to dispose of the entire case, we must look at the record of the case to determine if the order disposes of all pending claims and parties. *See Young*, 601 S.W.3d at 801–02; *Lehmann*, 39 S.W.3d

---

rendered at all as to [W.C.'s] personal injury claim" because the trial court had not rendered judgment as to that claim. It therefore would not be "nonsensical" for the trial court to include language stating that the final judgment was appealable, because the judgment would have been appealable, at a minimum, as to W.C.'s individual claims on his own behalf, E.H.'s individual claims on her own behalf, and Eduardo Canales's claims.

[5] The trial court later clarified in its January 5, 2026 order that "the April 2, 2025[] order is interlocutory and not a final judgment." *Cf. Lehmann*, 39 S.W.3d at 206 (stating an appellate court that is uncertain about whether a trial court intended an order to be a final order may "abate the appeal to permit clarification by the trial court").

at 205–06. Having reviewed the entire record, we conclude that the April 2, 2025 judgment does not dispose of all pending claims and parties. First, the April 2, 2025 judgment omits any discussion of the claims asserted by Eduardo Canales. In fact, the judgment excludes Canales as a party who had appeared before the trial court for purposes of the April 2, 2025 judgment. Moreover, the Carmonas conceded at the December 15, 2025 hearing that the trial court would have plenary power over Canales' claims. Second, the judgment reflects that it was intended to effectuate the settlement agreed to by the parties. The settlement hearing only involved the claims made by or on behalf of the minor children; the settlement did not resolve any personal injury claim asserted by W.C. or any claim asserted by Canales. We therefore find that the judgment did not resolve those claims.

As a result, the trial court retained plenary power over this case on January 5, 2026, when it issued the order restoring W.C.'s claims to the docket. We therefore find that the Carmonas have failed to show that the trial court abused its discretion by issuing the January 5, 2026 order and have failed to establish a right to mandamus relief.

## IV. CONCLUSION

We deny the Carmonas' petition for writ of mandamus.


LISA J. SOTO, Justice

March 5, 2026

Before Salas Mendoza, C.J., Palafox and Soto, JJ.