

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

No. 08-26-00100-CR

---

In re Devoris Newson, Relator

---

## AN ORIGINAL PROCEEDING IN MANDAMUS

---

## MEMORANDUM OPINION

Relator Devoris Newson, who is representing himself, filed a petition for writ of mandamus on February 26, 2026, asking "that the courts be mandated to appoint counsel and rule on amended motion for new trial, holding a proper hearing." He represents in the petition that his motions for new trial were "properly filed" (which included a request for new counsel), that the judge "was put on notice," and that the trial court had the ministerial duty to rule on the "last motion filed prior to hearing."

A relator seeking mandamus relief must establish that the trial court failed to perform a ministerial duty or committed a clear abuse of discretion and that the relator lacks an adequate remedy by way of appeal. *See In re UpCurve Energy Partners LLC*, 632 S.W.3d 254, 256 (Tex. App.—El Paso 2021, orig. proceeding); *In re Phillips*, 496 S.W.3d 769, 774 (Tex. 2016); *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding).[1] After reviewing Newson's petition for writ of mandamus, the Court has determined that Newson has not shown his entitlement to the relief sought. Accordingly, the petition for writ of mandamus is denied. Any pending motions are dismissed as moot.

LISA J SOTO, Justice

March 9, 2026

Before Palafox and Soto, JJ., Benavides, J. (Senior Judge)
Benavides, J. (Senior Judge), sitting by assignment

(Do Not Publish)

---

[1] The relator must provide the Court with a record sufficient to establish his right to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992). Moreover, the record must conform to the requirements of the Texas Rules of Appellate Procedure.