# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-25-00427-CV

### In re The Commitment of Raul Eliss Dominguez

### FROM THE 51ST DISTRICT COURT OF TOM GREEN COUNTY
### NO. A240284C, THE HONORABLE BARBARA L. WALTHER, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

This is an appeal from a final judgment following a jury trial on the State's petition to classify Raul Eliss Dominguez as a sexually violent predator subject to involuntary civil commitment under Chapter 841 of the Health and Safety Code. *See generally* Tex. Health & Safety Code §§ 841.001–.153. In one issue on appeal, Dominguez argues that the trial court erred by admitting evidence of an unadjudicated sexual offense through the State's expert witness. Because Dominguez failed to preserve the issue for appeal, we affirm the trial court's judgment.

### BACKGROUND

In 1989, Dominguez was convicted of attempted rape. In 2011, Dominguez was convicted of aggravated sexual assault of a disabled person and incarcerated. As his release date approached, the State petitioned to civilly commit Dominguez as a sexually violent predator. *See id.* §§ 841.003(a) (defining "sexually violent predator" as person who "is a repeat sexually violent offender" and "suffers from a behavioral abnormality that makes the person likely to engage in a

predatory act of sexual violence"); .081(a) ("If . . . the judge or jury determines that the person is a sexually violent predator, the judge shall commit the person for treatment and supervision.").

The parties tried the case to a jury. Two witnesses testified: Dr. Jason Dunham, a clinical psychologist, and Dominguez. The jury unanimously found that Dominguez is a sexually violent predator, and the trial court rendered judgment on the verdict and entered an order of commitment. Dominguez appeals.

## STATUTORY FRAMEWORK

Chapter 841 of the Health and Safety Code provides for the involuntary "long-term supervision and treatment of sexually violent predators." *Id.* § 841.001. Proving that a person is a sexually violent predator requires proof of two elements: the person is a "repeat sexually violent offender" who "suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence." *Id.* § 841.003(a). "Behavioral abnormality" means "a congenital or acquired condition that, by affecting a person's emotional or volitional capacity, predisposes the person to commit a sexually violent offense, to the extent that the person becomes a menace to the health and safety of another person." *Id.* § 841.002(2). A "predatory act" is "an act directed toward individuals, including family members, for the primary purpose of victimization." *Id.* § 841.002(5).

The State has the burden to prove both elements beyond a reasonable doubt. *See id.* § 841.062; *In re Commitment of Stoddard*, 619 S.W.3d 665, 670 (Tex. 2020). Upon a finding that a person is a sexually violent predator, the "judge shall commit the person for treatment and supervision." Tex. Health & Safety Code § 841.081(a).

2

**DISCUSSION**

Dominguez argues that the trial court erred by admitting evidence of an unadjudicated sexual offense through the State's expert witness testimony. Specifically, he complains about Dunham's testimony regarding allegations that Dominguez sexually abused his four-year-old nephew.

We review a trial court's decision on the admissibility of evidence for an abuse of discretion. *Hlavinka v. HSC Pipeline P'ship, LLC*, 650 S.W.3d 483, 496 (Tex. 2022). A trial court abuses its discretion when it acts arbitrarily, unreasonably, without regard for guiding rules or principles, or without supporting evidence. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding). To preserve error on evidentiary rulings, a party's objection must be timely and specifically state the grounds on which the objection is based, if the grounds are not apparent from context. *See* Tex. R. Evid. 102(a)(1); Tex. R. App. P. 33.1(a). Even if error is preserved, the admission or exclusion of erroneously admitted or excluded evidence is "likely harmless if the evidence was cumulative, or if the rest of the evidence was so one-sided that the error likely made no difference." *Reliance Steel & Aluminum Co. v. Sevcik*, 267 S.W.3d 867, 873 (Tex. 2008). "The general rule is error in the admission of testimony is deemed harmless and is waived if the objecting party subsequently permits the same or similar evidence to be introduced without objection." *Volkswagen of Am., Inc. v. Ramirez*, 159 S.W.3d 897, 907 (Tex. 2004).

During a hearing outside the presence of the jury to address anticipated evidentiary issues raised in a motion in limine, the trial court ruled that Dunham could testify to anything that Dominguez told him in his evaluation and anything Dominguez said during his deposition. But the trial court cautioned Dominguez's counsel that "I expect you to object if you think it's hearsay." In the presence of the jury, Dunham testified that Dominguez "told me that he was

3

arrested for sexual abuse of his four-year old nephew." When opining on Dominguez's diagnosis, Dunham said, "You can't just say, 'Oh, and I ruled out pedophilia, too,' because, you know, there's possibly a four-year old nephew out there that was possibly offended by him, because he said he was, you know, arrested for it." And in discussing Dominguez's ability to control his behavior around "vulnerable people," Dunham testified that "if you consider children[,] four-year-old boys[,] then that's a vulnerable [person] too."

However, Dominguez did not object to any of these statements or make any running objection to this testimony. Dominguez therefore failed to preserve his argument for appeal. *See* Tex. R. App. P. 33.1(a). Further, Dominguez himself later agreed without objection that he "faced an accusation and charge of sexually offending against [his] nephew" and engaged in the following exchange with his counsel:

> Q. Now, you were asked about an accusation involving your four-year old nephew. Did that ever result in a charge?
>
> A. The – what became of that is that my constitutional rights were violated because I was interrogated illegally. I was incarcerated illegally, and a few other things. I don't quite remember what they are.
>
> Q. Was your mother involved in that accusation?
>
> A. Yes. Actually she was the initiator of it.
>
> Q. But you were never actually convicted of any type of sex offense against your nephew, is that right?
>
> A. Say it again.
>
> Q. This did not lead to any kind of conviction?
>
> A. Yes.

Thus, even if Dominguez had objected to Dunham's testimony, and even assuming that Dunham's testimony was erroneously admitted, its admission would be harmless because Dominguez later allowed the same or similar evidence to be introduced without objection. *See Volkswagen*, 159 S.W.3d at 907.

We overrule Dominguez's sole issue on appeal.

## CONCLUSION

We affirm the trial court's judgment.

_____

Rosa Lopez Theofanis, Justice

Before Justices Triana, Kelly, and Theofanis

Affirmed

Filed:   March 31, 2026