**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-22-00132-CV**
_____

**IN RE VERNON LEE ASBELL**

**Original Proceeding**
**435th District Court of Montgomery County, Texas**
**Trial Cause No. 12-09-09657-CV**

**MEMORANDUM OPINION**

Vernon Lee Asbell filed a notice of appeal from an order denying an unauthorized petition for release from civil commitment. After Asbell perfected his appeal, this Court joined other courts of appeals in holding that an order denying an unauthorized petition for release from civil commitment does not function as a final judgment and is not appealable as a final judgment. *See In re Commitment of Welsh*, 661 S.W.3d 861, 867 (Tex. App.—Beaumont 2022, pet. denied). After we issued our opinion in *Welsh*, Asbell asked this Court to either reconsider our holding in *Welsh* or consider the brief of the appellant as a petition for a writ of mandamus. *See In re Commitment of Renshaw*, 672 S.W.3d 426, 428 (Tex. 2023) (directing appellate

1

court to consider habeas corpus petition as a petition for a writ of mandamus, as requested by the person attempting to challenge an order denying an unauthorized petition for release). We have reviewed the parties' briefs under the standard that applies to mandamus petitions, and we conclude that the record supports the trial court's ruling.

In its order denying the unauthorized petition as frivolous, the trial court noted that only three months before, the trial court had issued a biennial review order in which it failed to find that Asbell's behavioral abnormality had changed to the extent that he was no longer likely to engage in a predatory act of sexual violence. Asbell filed his unauthorized petition for release two days after the trial court signed the biennial review order.

To support his unauthorized petition for release, Asbell relied upon a report completed by a licensed psychologist on August 20, 2021, as part of the biennial review of Asbell's commitment. In that report, Dr. Stephen Thorne concluded in part that Asbell "does not presently meet criteria as having a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence." However, Dr. Thorne's report provides a caveat that weighs against a finding that there is probable cause to believe that Asbell no longer has a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. In his report, Dr. Thorne notes that Asbell's current treatment provider described Asbell's recent Penile

2

Plethysmograph (PPG) evaluation as including a low processing score that gave the current results questionable validity. According to Dr. Thorne:

> That being said, it does also seem relevant to note that, if (due to the previously referenced concerns) a PPG examination is indeed re-administered, any deviant findings could potentially result in a revision to the aforementioned opinion regarding whether or not Mr. Asbell continues to meet criteria as having a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence.

Asbell's current treatment provider and his case manager each recognized and praised Asbell's progress in sexual offender treatment but both providers recommended for now that Asbell remain in the Civil Commitment Program. The case manager recommended that all previous conditions remain in effect, while the treatment provider recommended that Asbell remain at the Texas Civil Commitment Center with a focus on reintegration into the community.

Asbell argues the trial court abused its discretion by applying biennial review standards to his unauthorized petition for release. The version of section 841.123 of the Health and Safety Code in effect when the trial court ruled on Asbell's petition provided that when a person committed under Chapter 841 files an initial unauthorized petition for release, "the judge shall deny without a hearing a petition for release filed without the office's authorization if the petition is frivolous[.]"[1]

---

[1] The Legislature amended section 841.123 in 2023. Under current law, the trial court shall deny the unauthorized petition for release of the petition if the petitioner has filed the petition before the 180th day after the date the trial court signed a biennial review order, unless the trial court determines by a preponderance

Asbell argues the trial court should have considered only whether the petition had merit as a matter of fact and law, and not whether the evidence had been previously considered in connection with the biennial review. He argues the uncontroverted report prepared by Dr. Thorne as part of the biennial review process unequivocally stated that Asbell had overcome his behavioral abnormality. Asbell contends his unauthorized petition for release provided additional information showing he had overcome his behavioral abnormality and that he had a job offer and a support network upon his release from civil commitment. He argues the civil commitment statute envisions a smooth transition from one tier to another to eventual release based on progress in treatment in behavior. *See* Tex. Health & Safety Code Ann. §§ 841.083-.124. The record reflects that Asbell had been participating in sex offender treatment for eight years and for the most recent two years had successfully participated in Tier Four of the five-tier SVP civil commitment program.

The relator bears the burden to provide the Court with a sufficient record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Although Asbell claims he provided additional information the trial court did not consider in its biennial review, the record from the

---

of the evidence that the petitioner's behavioral abnormality has changed to the extent that the petitioner is no longer likely to engage in a predatory act of sexual violence. *See* Act of May 17, 2023, 88th Leg., R.S., 2023 Tex. Sess. Law Servs. 758, 769-70 (effective September 1, 2023).

4

biennial review is not part of the mandamus record. In discussing Asbell's relevant mitigating protective factors, Dr. Thorne in his biennial review report mentions that Asbell has "healthy social support, and he does appear to at least have the capacity to maintain what can be considered age-appropriate employment." Thus, it appears when it conducted the biennial review the trial court had before it evidence regarding Asbell's available employment prospects and social networks. Furthermore, the purpose of the unauthorized petition for release is to determine whether the person's behavioral abnormality has changed to the extent that the petitioner is no longer likely to engage in a predatory act of sexual violence. *See* Tex. Health & Safety Code Ann. § 841.123. The biennial review involves a broader determination, that is whether a requirement imposed on a committed person should be modified or whether the person's behavioral abnormality has changed to the extent that the person is no longer likely to engage in a predatory act of sexual violence. *See* Tex. Health & Safety Code Ann. § 841.102(c). Because the two procedures address similar concerns, we reject Asbell's argument that the trial court abused its discretion by considering the results of Asbell's recent biennial review in considering whether a factfinder in a formal hearing must determine whether Asbell no longer suffers from a behavioral abnormality that make him likely to commit a predatory act of sexual violence.

We may issue a writ of mandamus to remedy a clear abuse of discretion by the trial court when the relator lacks an adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker*, 827 S.W.2d at 839-40. "An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable, made without regard for guiding legal principles or supporting evidence." *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding). A trial court also abuses its discretion if it fails to correctly analyze or apply the law, because a trial court has no discretion in determining what the law is or applying it to the facts. *See In re Prudential*, 148 S.W.3d at 135. On the record before us, we conclude the relator has not shown that the trial court abused its discretion. Accordingly, we deny the petition for a writ of mandamus. *See* Tex. R. App. P. 52.8(a).

PETITION DENIED.

PER CURIAM

Submitted on January 29, 2024
Opinion Delivered February 22, 2024

Before Golemon, C.J., Horton and Wright, JJ.