**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-25-00018-CV**
_____

**IN RE CADEN BUSKIST**

**Original Proceeding**
**Probate Court No. 1 of Montgomery County, Texas**
**Trial Cause No. 23-44325-P**

**MEMORANDUM OPINION**

In this original proceeding for a writ of mandamus, Relator Caden Buskist asks this Court to compel the trial court to vacate its order granting a new trial in a will contest case based on newly discovered evidence, reinstate the final judgment that was based on a partial summary judgment and a jury's verdict, and enter a judgment that Relator is entitled to recover all of his attorneys' fees from the Real Party in Interest, Fred Ogdee. In a response to the mandamus petition, Ogdee argues in part that he proved each of the required elements for a new trial based on newly discovered evidence. We deny mandamus relief.

1

Mandamus relief is an extraordinary remedy that issues only to correct a clear abuse of discretion for which the relator has no adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable, made without regard for guiding legal principles or supporting evidence." *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding). A trial court also abuses its discretion if it fails to correctly analyze or apply the law, because a trial court has no discretion in determining what the law is or applying it to the facts. *See Prudential*, 148 S.W.3d at 135.

"[T]rial courts retain considerable authority to grant new trials." *In re Randolph Automotive, LLC*, 674 S.W.3d 289, 302 (Tex. 2023) (orig. proceeding). As "disregarding a jury's verdict is an unusually serious act that imperils a constitutional value of immense importance—the authority of a jury" an order granting a new trial after a jury verdict must be "clearly supported by sound reasons." *Id*. The trial court must explain how "only *valid* reasons supported by the record underlie the new-trial order" so that "all parties and the public understand what those reasons are." *Id*. The appellate court's mandamus review "necessarily extends to the underlying merits—including the conclusion that the reason provided is a mistake of law or unsupported by the record." *Id*. "Because trial courts have no authority to

2

grant a new trial without a valid reason, if the order is predicated on legal error or lacks record support, mandamus should issue to require the withdrawal of the new-trial order." *Id*.

A party seeking a new trial on grounds of newly-discovered evidence must demonstrate to the trial court that (1) the evidence has come to his knowledge since the trial, (2) his failure to discover the evidence sooner was not due to lack of diligence, (3) the evidence is not cumulative, and (4) the evidence is so material it would probably produce a different result if a new trial were granted. *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 813 (Tex. 2010).

The trial court found that in the motion for new trial hearing Ogdee presented evidence that he first became aware of text messages between the Decedent and her best friend after the trial concluded that he was unaware of the text messages until the friend provided the text messages to Ogdee months after the trial concluded. The trial court found the Decedent's best friend confirmed that she never made Ogdee aware of the text messages or their substance before August 2024. The trial court found Ogdee's failure to discover the text messages was not a result of a lack of due diligence, as before the trial date Ogdee sent her a text message that asked if she had any information or documentation and the friend did not respond. The trial court found Ogdee made a reasonable attempt to discover relevant communications sent by the Decedent by asking the best friend if she had helpful information, and his

3

counsel sent timely requests for production that included a request for text messages between the Decedent and her best friend. Although the trial court did not find that Buskist purposefully withheld the text messages, that did not alter the trial court's conclusion that Ogdee was unaware of the text messages despite having taken reasonable, diligent steps to secure relevant communications sent by the Decedent. The trial court noted no evidence was presented that would show Ogdee should have known the best friend possessed relevant communications from the Decedent that could not be obtained from Buskist, as he possessed the Decedent's cell phone and produced other text messages between the two women.

The trial court found the newly discovered evidence warrants a new trial because it was neither cumulative of other evidence introduced at trial nor does it tend to only impeach Buskist's testimony, in that no other evidence introduced at trial demonstrated that the Decedent frequently felt pressured by Buskist to give him large sums of money and that the Decedent had concerns that Buskist's primary interest in the relationship was her money. The trial court found no other direct communications with the Decedent introduced at trial demonstrated a material discrepancy between what Buskist wanted the Decedent to leave to him and what the Decedent was actually interested in leaving to him, or showed Buskist's decision not to marry and have children with her played a significant part in her willingness to give him money or other assets. The trial court found the new evidence to be so

4

material that it would probably produce a different result in a new trial, as it supports Ogdee's claim of undue influence. The trial court found the newly discovered evidence demonstrates a relationship where the Decedent felt pressured and manipulated by Buskist, including after she passed away, especially in light of her weakened state and the physical control Buskist exercised over the Decedent when she executed her will. The trial court stated that had this new evidence been presented with the no-evidence motion for summary judgment, the trial court would have denied the motion and would have permitted Ogdee to submit a jury question on the claim. The trial court also found the new evidence to be material as to Ogdee's claim for lack of testamentary capacity, as it casts doubt on whether her wishes were honored by the will offered by Buskist, given that he prepared the will and physically controlled its execution, and the will left the entirety of the Decedent's Estate to Buskist. The trial court found the new evidence could have led the jury to find the answer to Jury Questions 1 and 2 differently because the Decedent did not actually understand the nature of the will when she signed it. Finally, the trial court found the new evidence would probably result in a different answer to Jury Question 4, as the new evidence supports Ogdee's theory that the will was contrary to the Decedent's actual wishes, especially since the communications were her own and were made around the same time as when the will was executed.

5

The trial court's order granting the motion for new trial contained valid reasons that are supported by the record. *See Randolph Automotive*, 674 S.W.3d at 302. Having reviewed the petition for a writ of mandamus, the mandamus record, Ogdee's response, and Buskist's reply, we conclude that the Relator has not shown that the trial court committed a clear abuse of discretion by signing the order granting a new trial. Accordingly, we deny the petition for a writ of mandamus. *See* Tex. R. App. P. 52.8(a).

PETITION DENIED.

PER CURIAM

Submitted on February 21, 2025
Opinion Delivered March 13, 2025

Before Golemon, C.J., Johnson and Chambers, JJ.

6