# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-25-00412-CV

## In re Alicia Glenny

## ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## O P I N I O N

Relator Alicia Glenny has filed a petition for writ of mandamus, seeking relief from an order signed by the district court on June 10, 2025, which vacated a temporary ex parte protective order issued on June 6, 2025 on motion of Real Party in Interest, Jeremy Epperson. For the reasons explained below, we conditionally grant mandamus relief.

## BACKGROUND

This proceeding arises out of an application for a protective order brought in Travis County. On May 30, 2025, Relator filed an application for protective order with Travis County, seeking both a temporary and permanent protective order against RPI. The application sought protection for the Relator, another adult, and the Relator's two minor children, one of whom she shares with RPI, for conduct that allegedly occurred on May 17, 2025 and May 30, 2025. The case was assigned to the duty judge who granted a temporary ex parte protective order on June 6, 2025 and tentatively set a hearing for the permanent order on June 26, 2025.

On June 9, 2025, RPI filed a motion to vacate the temporary ex parte protective order and informed the court that Relator and RPI were parties in a recently concluded child custody case in another Travis County district court. In that case, a five-day jury trial was held on May 19, 2025, and a hearing to address issues not resolved by the jury was held on June 4, 2025. The jury found that the parents should be joint managing conservators with RPI having the exclusive right to designate primary residence within Travis County and its contiguous counties. The judge signed additional agreed temporary orders on June 5, 2025, which were designed to allow RPI to take possession of the child to visit an ill family member beginning on June 8, 2025.

Upon learning of the other concurrent case, the judge in the temporary ex parte protective order case granted the motion to vacate on June 10, 2025 without a live, evidentiary hearing. Relator thereafter sought mandamus relief.

**MANDAMUS STANDARD**

Mandamus is a discretionary remedy that requires Relator to show that the trial court clearly abused its discretion and that no adequate remedy by appeal exists. *See In re K & L Auto Crushers, LLC*, 627 S.W.3d 239, 247 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36, 138 (Tex. 2004) (orig. proceeding). "An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable, made without regard for guiding legal principles or supporting evidence." *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding). A trial court also abuses its discretion "when it fails to analyze or apply the law correctly." *Id.* Mandamus is appropriate when it will preserve an important statutory right to legal process. *In re V.K.*, 607 S.W.3d 471, 481 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding) (citing *Prudential Ins. Co. of Am.*, 148 S.W.3d at 136). In such a circumstance,

2

"the benefits of granting mandamus relief outweigh the detriments." *Id*. (citing *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding).

## DISCUSSION

In this petition for mandamus relief, Relator contends that granting a motion to vacate a temporary ex parte protective order without a live, evidentiary hearing violates Texas Family Code § 83.004 and thus constitutes an abuse of discretion by the trial court. Relator also contends that mandamus is the appropriate remedy because no adequate remedy exists on appeal. We agree on both counts. Because this case is brought to preserve a statutory right to legal process, the Relator does not have an adequate remedy at law, and mandamus relief is appropriate.

Whether a judge can vacate a temporary ex parte protective order without a live, evidentiary hearing is an issue of first impression in this court. We interpret applicable statutes de novo. *See*, *e.g.*, *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006). Our objective in construing a statute is to ascertain legislative intent. *First Am. Title Ins. v. Combs*, 258 S.W. 3d 627, 635 (Tex. 2008). We discern legislative intent from the statute's language because it is "'the truest manifestation' of what lawmakers intended …." *Id*. (quoting *Alex Sheshunoff Mgmt. Servs., L.P. v. Johnson*, 209 S.W.3d 644, 651–52 (Tex. 2006)). If statutory language is unambiguous, we will interpret and apply the statute according to its plain meaning unless a different meaning is apparent from the context or the plain meaning leads to absurd results. *In re Ford Motor Co.*, 442 S.W.3d 265, 280 (Tex. 2014) (orig. proceeding). In determining a statute's meaning, we consider the statute as a whole rather than construing specific provisions in isolation. *Id*.

Texas Family Code Section 83.004 provides that "[a]ny individual affected by a temporary ex parte order may file a motion at any time to vacate the order." Tex. Fam. Code

§ 83.004. "On the filing of the motion to vacate, the court shall set a date for hearing the motion as soon as possible." *Id*. We can find no reason to not follow the statute's plain language of imposing a duty for a judge to promptly set a hearing upon receipt of a motion to vacate, and it's a reasonable inference that the hearing need actually occur. Indeed, our sister courts of appeal have both interpreted this section as imposing a duty to hold such a hearing. *See V.K.*, 607 S.W.3d at 479; *In re Goddard*, No. 12-18-00355-CV, 2019 WL 456866 at *8–9, (Tex. App.—Tyler Feb. 6, 2019, orig. proceeding) (mem. op.).

The Fourteenth Court of Appeals in *In re V.K.* held that denying a motion to vacate a temporary ex parte protective order on submission without holding a hearing was an abuse of discretion based on their construction of the statutory scheme. *V.K.*, 607 S.W.3d at 478–79. The court noted that section 83.001(a) explicitly ***allows*** the issuance of temporary ex parte protective order without a hearing. *Id*. at 478 (citing Tex. Fam. Code § 83.001). In addition, Section 83.006 requires a hearing that, to comply with the plain language of the statute, must be a live, evidentiary hearing. *Id*. at 478–99 (citing Tex. Fam. Code § 83.006). "'Hearing' in section 83.006 cannot mean either a live, evidentiary hearing or a submission of the application for ruling by the court without a live hearing, because the Legislature requires that the applicant testify in person and allows the trial court to recess the hearing to contact the respondent and give the respondent the opportunity to be present when the court resumes the hearing." *Id*. at 479. The court then concludes that in Section 83.006, "hearing" means a "live, evidentiary hearing not a submission to the trial court for ruling without a live hearing" and that "[i]n the context of this statutory scheme it would not be reasonable to construe 'hearing" under section 83.004 to mean something different than what it means under section 83.006." *Id*. We are persuaded by their textual analysis and adopt it as our own.

The Twelfth Court of Appeals also concluded that a trial court abused its discretion by vacating a protective order without the applicant receiving notice and an opportunity to be heard. *Goddard*, 2019 WL 456866, at \*11–12. In that case, a trial court approved a temporary ex parte protective order for a mother and child as part of a pending divorce proceeding and suit affecting the parent child relationship and then extended the order indefinitely under a Rule 11 agreement. *Id*. at \*1–2 ("[T]he order 'will remain in force until the Court hears the evidence on this matter.'"). Over a year later, after a status hearing on the divorce proceeding, the trial "court signed a sua sponte order vacating the temporary protective order and stating that 'no protective order exists in this case.'" *Id*. at \*2. The court of appeals ruled that vacating the temporary ex parte protective order without a hearing was an abuse of discretion, because, among other factors, "Section 83.004 would appear to require a hearing before vacating a protective order." *Id*. at \*8–9.

The RPI urges us to interpret the statute with greater latitude, arguing that the legislative intent of the statute is to provide judges with a rapid and flexible remedy and therefore that flexibility should be preserved. There are two problems with this argument. First, "[i]f the statute is unambiguous, we adopt the construction supported by it's plain language." *NuStar Energy, L.P. v. Hegar*, 683 S.W.3d 831, 837 (Tex. App.—Austin 2023, pet. granted) (citing *TGS NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011)). The language of Section 83.004 is unambiguous, so this court is bound by its plain meaning. Second, we are unpersuaded that the intent of the Legislature was to allow temporary ex parte protective orders to be rapidly vacated by the respondent without the opportunity for the applicant to present evidence. "Given the remedial nature of Title IV of the Texas Family Code…courts should broadly construe its provisions so as to effectuate its humanitarian and preventative purposes." *Boyd v. Palmore*,

5

425 S.W.3d 425 (Tex. App.—Houston [1st Dist.] 2011, no pet.) These humanitarian and preventative purposes are best effectuated through giving an applicant for a protective order the opportunity to participate in a hearing on a motion to vacate a temporary ex parte protective order before that protective order is vacated.

In this case, the judge received a motion to vacate the temporary ex parte protective order and granted that motion without a hearing or any formal response from Relator. Thus we hold the judge failed to correctly apply Texas Family Code 83.004 and abused her discretion.

## CONCLUSION

For the foregoing reasons, we conditionally grant Relator's writ of mandamus and direct the trial court to vacate its June 10, 2025 order and to set a date for hearing the motion to vacate as soon as possible. The writ will issue only if the trial court fails to comply.

_____

Chari L. Kelly, Justice

Before Justices Triana, Kelly, and Ellis

Filed: June 24, 2025