

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

No. 08-25-00323-CV

---

In re Veronica Rae Vara, Relator

---

## AN ORIGINAL PROCEEDING IN MANDAMUS

---

## MEMORANDUM OPINION

Relator, Veronica Rae Vara, was declared a vexatious litigant on June 22, 2023, and is subject to a prefiling order that requires her to obtain permission from the local administrative judge prior to filing any new litigation relating to the division of property established in her Original Decree of Divorce.[1] *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 11.101(a), 11.102(a).

---

[1] TEXAS OFFICE OF COURT ADMINISTRATION, *List of Vexatious Litigants Subject to a Prefiling Order*, Veronica Rae Vera, https://www.txcourts.gov/media/1456705/veronica-vera.pdf (last visited December 9, 2025).

On October 21, 2025, Vara filed a request with the local administrative judge seeking permission "to file an Original Petition for Writ of Mandamus in the El Paso 8th Court of Appeals of the absolutely erroneous Order Declaring Veronica a Vexatious Litigant with Prefiling Order." On November 19, 2025, the local administrative judge, the Honorable M. Sue Kurita, denied Vara permission to file the petition.

On December 2, 2025, Vara filed a petition for writ of mandamus in this Court. In her petition, Vara requests that this Court (1) grant her relief from the local administrative judge's order denying her permission to file a mandamus petition in this Court and (2) grant her relief from the order declaring her a vexatious litigant.

Generally, to obtain mandamus relief, a relator must establish that the trial court committed a clear abuse of discretion and that the relator lacks an adequate remedy by way of appeal. *See In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). Further, the relator bears the burden of proving she is entitled to mandamus relief. *See In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

To the extent Vara seeks relief from the trial court's order declaring her a vexatious litigant, after reviewing the mandamus petition and record, we conclude that Vara has failed to establish that she is entitled to mandamus relief.[2] Further, to the extent Vara seeks relief from the local administrative judge's order denying her permission to file a mandamus petition in this Court

---

[2] We note that Vara has previously requested the same relief as she requests here—that we order the trial court to vacate, or that we vacate, the trial court's order declaring her a vexatious litigant—and that we denied her previous requests. *See In re Vara*, No. 08-25-000061-CV, 2025 WL 779155, at *1–2 (Tex. App.—El Paso March 11, 2025, orig. proceeding) (mem. op.); *In re Vara*, No. 08-23-00190-CV, 2023 WL 4771218, at *1–2 (Tex. App.—El Paso July 26, 2023, orig. proceeding) (mem. op.).

challenging the trial court's order declaring her a vexatious litigant, we conclude that, because Vara has filed a petition challenging the trial court's order declaring her a vexatious litigant that we have considered in this opinion, her petition is moot.

Accordingly, we deny Vara's request for mandamus relief with respect to her request for relief from the trial court's order declaring her a vexatious litigant, and we dismiss as moot her request for mandamus relief with respect to the local administrative judge's order denying her request for permission to file a mandamus petition in this Court. We dismiss any pending motions as moot.

MARIA SALAS MENDOZA, Chief Justice

December 10, 2025

Before Salas Mendoza, C.J., Palafox and Soto, JJ.