**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-26-00031-CV**
_____

**IN RE AARON NICHOLAS THOMAS**

**Original Proceeding**
**County Court at Law No. 3 of Montgomery County, Texas**
**Trial Cause No. 23-09-14203**

**MEMORANDUM OPINION**

Relator Aaron Nicholas Thomas filed a petition for a writ of mandamus to compel the trial court to vacate a final default judgment in a suit affecting the parent-child relationship. As additional relief after the order is vacated, Thomas asks this Court to direct the trial court to allow Thomas to participate in hearings by Zoom, appoint an ad litem for the child, consider evidence the trial court did not consider in the prior hearing, require the opposing party to follow the trial court's custody orders, and order temporary visitation and make-up possession.

"To obtain relief by writ of mandamus, a relator must establish that an underlying order is void or a clear abuse of discretion and that no adequate appellate

remedy exists." *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016). Moreover, "an appellate court may not deal with disputed areas of fact in an original mandamus proceeding." *Brady v. Fourteenth Ct. of Appeals*, 795 S.W.2d 712, 714 (Tex. 1990) (orig. proceeding).

Thomas complains that the trial court delayed providing accommodation for his disability. Thomas's mandamus petition includes a photocopy of a Medical Release/Physician's Statement dated October 27, 2025, that indicated that Thomas cannot climb stairs, kneel, stoop, or push but he is able to sit, stand, walk, and work on a keyboard eight hours a day, that he can complete employment-related activities in a classroom setting, and that the disability is not permanent and is expected to last more than six months. Thomas does not explain how his disability prevented him from appearing in person in court for the May 23, 2025 hearing.[1]

The Default Order in Suit to Modify Parent-Child Relationship recites that Thomas "has made a general appearance and was duly notified of trial but failed to appear and defaulted." Assuming Thomas did not receive service of process, the trial court could render a judgment against Thomas anyway because Thomas appeared in

---

[1] We note that one of the photographs Relator included in his appendix as an example of evidence Relator wants the trial court to consider appears to depict Relator operating the child's stroller at the Houston Zoo about two weeks before the final hearing. There is no indication in the mandamus record that the trial court saw this photo when it ruled on Thomas's request for accommodation, but the photograph suggests that at the time of the hearing, Thomas was sufficiently mobile to travel to a courtroom.

the case. *See* Tex. R. Civ. P. 124. Thomas claims the Default Order was "entered without proper service on Relator and without Relator's participation[]" but he fails to explain when and how he brought the issue to the attention of the trial court or how the trial court resolved factual issues regarding notice of the hearing.

After reviewing Relator's mandamus petition, we conclude that Relator has failed to establish that he is entitled to mandamus relief.[2] Accordingly, we deny the petition for a writ of mandamus. *See* Tex. R. App. P. 52.8(a).

PETITION DENIED.

PER CURIAM

Submitted on February 4, 2026
Opinion Delivered February 5, 2026

Before Golemon, C.J., Johnson and Wright, JJ.

---

[2] This opinion addresses Relator's contention that he is entitled to immediate mandamus relief. As we held in Relator's previous mandamus proceeding, an appeal provides Relator with an adequate remedy. *See In re Thomas*, No. 09-25-00460-CV, 2025 WL 3672538, at *1 (Tex. App.—Beaumont Dec. 18, 2025, orig. proceeding) (mem. op.). We express no opinion here regarding issues that may be presented in an appeal from a final order in Trial Cause Number 23-09-14203.